W. H. Aldridge v. Webb & Hill.

No. 678. Decided June 9, 1898.

**Dilatory Plea—Privilege—Waiver—Continuance.**

A defendant who, by proper plea filed in due order, claims his privilege of being sued in the county of his residence, will be deemed to have waived such plea where he has the case continued by agreement without calling it to the attention of the court. Rev. Stats., arts. 1268, 1269, 1291; Rule 24, district and county courts.

Question certified by the Court of Civil Appeals for the Second District, in an appeal from Shackelford County.

*W. P. Sebastian,* for appellant.—The defendant, W. H. Aldridge, at the time of the institution of this suit, being a resident of the county of Tyler, Texas, and never thereafter a resident of the county of Shackelford, the District Court of Shackelford County had no jurisdiction over the person of said defendant in this cause, his domicile being in the county of Tyler, and not in the county of Shackelford. Rev. Stats., art. 1194; Bergstrom v. Bruns, 24 S. W. Rep., 1098; State v. Woodville, 35 S. W. Rep., 861; Jennings v. Shiner, 43 S. W. Rep., 276.

*Boren & Warren,* for appellees.—The privilege of being sued in the county of one's residence is available only by a timely plea and proper presentation of the same to the court, and the sustaining of such plea by proper and pertinent evidence. If such action is not taken, the law presumes that he waives his said privilege. Rev. Stats., arts. 1240-1245, 1268, 1269, 1291; McDonald v. Blount, 2 Wilson, C. C., sec. 344; Peveler v. Peveler, 54 Texas, 53; Blum v. Strong, 71 Texas, 329; Rule 24, Dilatory Pleas.

DENMAN, Associate Justice.—The Court of Civil Appeals has certified to us explanatory statement and question as follows:

"This suit was brought by Webb & Hill in the District Court of Shackelford County against W. H. Aldridge, a resident citizen of Tyler County. After being duly cited, Aldridge answered, pleading first his

residence in the county of Tyler, and claiming the privilege of being sued in that county, the plea being on its face a sufficient plea, and pleading next, and subject to the plea of privilege, to the merits of the controversy. That is to say, the plea of privilege was in due form, and filed in the due order of pleading, followed by a plea to the merits. This answer was filed April 28, 1897, and within a few days thereafter, at the May term of the court, which was the appearance term, the cause was continued by agreement until the succeeding term, the written agreement, filed April 30, 1897, for that purpose, reading: 'Webb & Hill v. W. H. Aldridge et al.—It is agreed that the above cause be continued until the next regular term of court, and that such continuance be charged to defendants.' (Signed by attorneys for both parties.)

"Counsel for Aldridge appeared in open court and had his name entered as such on the docket, and announced to the court that the case had been continued by agreement, whereupon the order of continuance was entered, the attention of the court not being called to the plea of privilege, and the condition of the docket being such as to afford ample time during that term to try the plea.

"The District Judge held upon this state of facts that the plea of privilege, when the case came on for trial at the subsequent term, had been waived, and gave judgment upon the merits in favor of Webb & Hill against Aldridge, and to that action the first error is assigned by appellant, Aldridge, who insists that this case is distinguishable from Blum v. Strong, 71 Texas, 328, followed by us in Spencer v. James, 31 Southwestern Reporter, 542, and by the Court of Civil Appeals of the Fifth District in Machinery Company v. Smith, 44 Southwestern Reporter, 592, and is more analogous to a seemingly contrary line of cases cited in his brief.

"We therefore deem it advisable to certify this question to your honors for decision; that is:

"Whether the continuance of the case generally by agreement, in the manner above shown, amounted to a waver of the plea of venue?"

The following articles of our Revised Statutes and rule for district and county courts bear upon the question:

"Art. 1268. Pleas shall be filed in the due order of pleading, and shall be heard and determined in such order under the direction of the court.

"Art. 1269. Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

"Art. 1291. When a case is called for trial, the issues of law arising on the pleadings, and all pleas in abatement, and other dilatory pleas remaining undisposed of, shall be determined, and it shall be no cause for the postponement of a trial of the issues of law that a party is not prepared to try the issues of fact."

"Rule 24. All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall

·be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the con-. sent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

Article 1268 imposes upon the court the duty of hearing and determining first in order the plea to the jurisdiction, that being first "in due order of pleading." Article 1269 imposes upon it the duty of determining such plea during the term at which it is filed, it being by statute excused from so doing if the business of the court will not permit, and article 1291 imposes upon it the duty of disposing of such plea, if still properly before the court, when the case is called for trial, and only when an issue of fact is involved therein and the parties are not ready does it seem to contemplate a postponement thereof. The reason the Legislature has imposed these duties upon the court is (1) to expedite the transaction of business, for it is clear that if these preliminary matters are not thus disposed of the public interest will suffer by compelling jurors, witnesses, etc., in the particular case and those interested in other causes to lose the time consumed in their disposition when the trial on the merits should be proceeding, and (2) to avoid as far as possible the expense to litigants of preparing for trial on the merits in cases where such preliminary questions will dispose of the case. In order to perform this duty, the court can not be expected to examine the pleadings in each cause to ascertain whether there is any issue of law or fact presented therein which said statutes require it to dispose of as therein directed, and therefore it has the right to assume that there is none or that it is not to be relied upon, unless the party whose pleading presents such issue calls it to the attention of the court and demands action thereon at the time it is required to act under such statutes. Said rule 24 is based upon the assumption that the party will present the plea, etc., at the time the court is thus required to act, and requires that they shall then be tried *"unless passed by agreement of the parties with consent of the court,"* and further provides that they shall be "disposed of before the main issue on the merits is tried." This last requirement was evidently intended to save the expense and trouble of trying a long case on the merits if it would probably be disposed of upon a preliminary matter such as a plea of privilege. If there be cases in which no material injury would result from a disregard of the rule by submitting a plea of privilege with those upon the merits, still the party urging such plea should present it as above indicated, so that the court would have the opportunity of determining whether it would comply with the requirement of the statute or rule as the case may be by disposing of such issue first, and if he fails to do so he must be held to have waived it. Blum v. Strong, 71 Texas, 322. In the case just cited, it was stated that "if the plea had been passed over during the term without action it should be considered as waived." clearly indicating that if there had been a continuance of the cause after the filing of the plea without defendants having procured the action of the court thereon by continuing or finally dis-

posing of the same it would have been held waived; but as the court could not say from the record that court was in session when the plea was filed, it could not hold that defendants were in default in not demanding action thereon. We think as indicated above that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof. When he brings the matter before the court it may be continued or the court may make such orders as the condition of its docket may render necessary, and there will of course be no waiver. It results that we must answer the questions certified in the affirmative.