HARRIS MILLINERY CO. v. MELCHER
et al.

(Court of Civil Appeals of Texas. Dallas. Dec. 16, 1911. Rehearing Denied Jan. 6, 1912.)

1. VENUE (§ 32*) — PLEA OF PRIVILEGE — HEARING.

Rev. St. 1895, art. 1262, permits defendant to plead as many separate matters as he deemed necessary for his defense, provided that they be filed at the same time. District and County Court rules, rule 7 (67 S. W. xx), permits the original answer to consist of pleas of privilege, etc. Rev. Stats. 1895, art. 1242, makes the filing of an answer an appearance by defendant dispensing with service of citation. Article 1269 requires pleas in abatement and other dilatory pleas to be determined during the term at which they are filed if the business of the court permits, and District and County Court Rules, rule 24 (67 S. W. xxii), requires all dilatory pleas not going to the merits to be tried at the first term to which the attention of the court shall be called thereto, unless passed by agreement, and that they shall be called and disposed of before the issue on the merits. *Held*, that pleas of privilege to be sued in the county of defendant's residence must be determined during the term at which they were filed, even though defendant was not compelled to answer until the succeeding term, and that failure to call such pleas up for action at the term at which they were filed waived them.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. APPEARANCE (§ 4*) — EFFECT — WAIVER OF TIME OF ANSWERING.

While defendants could not be compelled to answer before the term of court at which they were cited to appear, by filing pleas of privilege to be sued in another county at the preceding term they waived that right and entered their appearance as at the preceding term for the purpose of trying the pleas.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 12–14; Dec. Dig. § 4.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by the Harris Millinery Company against Mrs. L. Melcher and others. From a judgment sustaining defendants' plea of privilege to be sued in another county, plaintiff appeals. Reversed and remanded.

W. P. Donalson, for appellant. W. L. Hall and W. H. Flippen, for appellees.

TALBOT, J. This suit was filed in the district court of Dallas county on October 8, 1910, plaintiff's original petition alleging, in substance, that defendants were due and owing plaintiff $1,955.45 on open account. Citation issued, and was served on defendants October 15, 1910, citing them to appear and answer said petition on the first Monday in December, 1910, being December 5, 1910, and the beginning of the December, 1910, term of the court. On November 26, 1910, and during the September term of said court, defendants severally filed pleas of privilege to be sued in the county of their residence, which was alleged to be Wharton county, Tex. These pleas were permitted to lie on file in said cause during the remainder of said September term of the court without being called to the attention of the court, and without any action or request for action thereon, and without any agreement for a continuance without prejudice, or an order of the court to that effect. During the said December term of the court said pleas were presented, and at the same time plaintiff presented and urged motions to strike out and deny said pleas of privilege. The court took said motions under advisement, and postponed the further hearing of said pleas of privilege and motions until December 23, 1910, at which time plaintiff's two motions were overruled, and the further hearing of said pleas of privilege was again postponed by the court until January 14, 1911, at which time final judgment was rendered by the court, sustaining defendants' pleas of privilege to be sued in Wharton county, and transferring said cause to the district court of that county. To this action of the court the plaintiff excepted and appealed.

[1] Appellant contends, in effect, that inasmuch as the appellees' pleas of privilege were not passed or continued by agreement of the parties with the consent of the court, and were not determined during the term at which they were filed, they were waived, notwithstanding appellees were not required to answer until the December term of the court. In this contention we do concur. The defendant in his answer may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause, provided he shall file them all at the same time and in due order of pleading. Rev. Stats. art. 1262. Consistent with this statute, rule 7, prescribed by the Supreme Court of this state (67 S. W. xx) for the

district and county courts, provides that the original answer may consist of pleas to the jurisdiction in abatement of privilege, or any other dilatory pleas, etc., the same being pleaded in due order of pleading. Article 1242 of the Revised Statutes provides: "The filing of an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation. Article 1269 of said statute provides that "pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit." Rule 24 (67 S. W. xxii), governing the practice in district and county courts, is as follows: "All dilatory pleas and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried." The pleas of privilege filed by the defendants at the September term of the court were answers within the contemplation of law and put them in court, at least, for the purposes of a trial of said pleas.

[2] True they were cited to appear at a subsequent term of the court, and they could not have been compelled to answer before the convening of that term, but by the filing of their pleas of privilege to be sued in Wharton county they waived that right, which they could do at their discretion, and entered their appearance at the September term for the purpose of filing, and necessarily for the purpose of trying, said pleas. And, it appearing that the business of the court would have permitted it, they could have demanded that said pleas be disposed of during the September term. The defendants having answered, pleading their privilege to be sued in the county of their residence, the cause would not necessarily have to be continued because not filed before the September term. If not directly in point the case of Lang v. Henke, 22 Tex. Civ. App. 490, 55 S. W. 374, in which a writ of error was denied by our Supreme Court, is analogous in support of this view. That suit was filed on March 27, 1899, while the district court was in session, the term not ending until April 29, 1899. On April 12th the defendants therein answered, and on April 19th the cause was tried. It appeared that the plaintiff in the suit made no motion for a continuance, but that he did object to the case being tried because the suit was not instituted until after the term at which it was called for trial had begun. In commenting upon the contention of the appellant that the district court erred in not continuing the case because not filed be-

fore the beginning of the term, Mr. Justice Fly, speaking for the Court of Civil Appeals for the Fourth District, said: "When appellees answered the complaint of appellant filed during the term, the cause should not have been continued merely because not filed before the term; but, when appellees had waived their right to have the case passed over to another term, the case was for trial, and appellant cannot complain that it was tried in its order upon the docket"— citing Pierson v. Burney, 15 Tex. 272. Likewise we think, when the defendant in a suit appears and files a plea of privilege to be sued in a county other than the one in which the suit was instituted, whether he has been served with citation or not, or, if served with citation to appear at another term of the court, he thereby puts himself in court for the purpose, at least, of such plea, and must protect his rights thereunder at that term of the court. The filing of any character of answer in such a case before the beginning of the term at which he is cited to appear and answer or to which the citation is returnable is a matter peculiarly within his control and to be exercised at his discretion, and he may secure such benefits as would otherwise accrue to him by not filing any answer until the term of the court to which he has been or may be cited to appear.

Now, article 1269 of the statute to which we have referred requires, as has been seen, that pleas in abatement, pleas to the jurisdiction, and other dilatory pleas and demurrers not involving the merits of the case shall be determined during the term of the court at which they are filed, if the business of the court will permit. That such a plea when filed during the term of the court at which the defendant is required to answer, in order to avoid the taking of a judgment by default against him, must be determined at that term of the court, is thoroughly well settled by the decisions of our courts (Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Blum v. Strong, 71 Tex. 328, 6 S. W. 167; Machinery Co. v. Smith, 44 S. W. 592; Watson v. Merike, 25 Tex. Civ. App. 527, 61 S. W. 540), and, in view of the mandatory language of the statute, we think it must be determined during the term of the court at which it was filed, notwithstanding the defendant was not compelled to answer at such term. In the case of Aldridge v. Webb, supra, the duty imposed upon the court by statute and rule 24 is stated, and it is said: "In order to perform this duty, the court cannot be expected to examine the pleadings in each cause to ascertain whether there is any issue of law or fact presented therein which said statutes require it to dispose of as therein directed, and therefore it has the right to assume that there is none or that it is not to be relied upon, unless the party whose pleading presents such issue calls it

to the attention of the court and demands action thereon at the time it is required to act under such statutes. Said rule 24 is based upon the assumption that the party will present the plea, etc., at the time the court is thus required to act, and requires that they shall then be tried 'unless passed by agreement of the parties with consent of the court,' and further provides that they shall be 'disposed of before the main issue on the merits is tried.' This last requirement was evidently intended to save the expense and trouble of trying a long case on the merits if it would probably be disposed of upon a preliminary matter such as a plea of privilege." In concluding the opinion, the court further said: "We think, as indicated above, that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof. When he brings the matter before the court, it may be continued or the court may make such orders as the condition of its docket may render necessary, and there will of course be no waiver." In the case of Watson v. Mirike, cited, this court, speaking through Mr. Justice Bookhout, said: "It is clear that, by the terms of this statute and the rule, a party relying on such plea is required to call it to the attention of the court during the term of the court at which it is filed. Had the plea been called to the court's attention at the October term, and the business of the court were such as to prevent its determination at that term, then the court could have made such an order as would have prevented its waiver and authorized its consideration at the next term." There is no question but that the court had time between November 26, 1910, which was during said September term, and which was the date upon which defendants' pleas of privilege were filed, and the date the September term expired, viz., December 3d, to hear and determine said pleas of privilege. Nor is there any question but that the attention of the court was not called to said plea during said September term. Counsel for defendants admits that he could have complied with said statute and rule and called the court's attention to said plea during said September term had such occurred to him, or 'had he believed it necessary. The cases cited by appellees are not in our opinion applicable. They treat of the time when a motion to suppress depositions shall be disposed of, and are based upon article 2289 of the Revised Statutes of 1895. That statute requires such motions to be determined at the first term after they are filed, and this language was construed to mean the first term subsequent to the term at which the deposi-

tion was filed. McCown v. Terrell, 40 S. W. 56; Mayton v. Sonnefield, 48 S. W. 609; Waters-Pierce Oil Co. v. Davis et ux., 24 Tex. Civ. App. 508, 60 S. W. 458. As pointed out, the statute prescribing the time when a dilatory plea, such as the one under consideration, shall be determined, emphatically declares that it shall be done during the term at which it is filed.

We conclude that the failure of appellees to call their pleas of privilege to the attention of the court, and demand some disposition of them at the September term of the court, being the term at which they were filed, operated as a waiver of said pleas, and therefore the action of the court in hearing and sustaining them at a subsequent term was error, requiring a reversal of the case. It is therefore ordered that the judgment of the court below be reversed and the cause remanded, with instructions that appellees' pleas of privilege be overruled.

Reversed and remanded.