Robert Vaughan was convicted of assault to murder, and he appeals. Reversed, and cause remanded.

W. L. Grogan, of Jefferson, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and his punishment assessed at two years' confinement in the state penitentiary.

There are a number of grounds noted in the motion for a new trial, but none of them in our opinion present error, unless it be the ground that alleges the insufficiency of the testimony to sustain the verdict. In an assault to murder case, the evidence must be of that character which would authorize the finding of a specific intent to kill. Jobe v. State, 1 Tex. App. 183; Patrick v. State, 33 S. W. 352; Parker v. State, 53 S. W. 115; Reyes v. State, 48 Tex. Cr. R. 346, 88 S. W. 245; Foster v. State, 39 Tex. Cr. R. 399, 46 S. W. 231; Hammons v. State, 29 Tex. App. 445, 16 S. W. 99. We always dislike to disturb the verdict of a jury on the evidence, but, as held by this court in Jobe's Case, supra:

"The intent with which the act is committed in this character of offense is a material fact; and, when there is a deficiency of proof of such intent, this court has no discretion."

We have read and re-read the evidence in this case, and to our mind there is no evidence that would justify a finding of intent to kill. An assault was made beyond question under our statute, but the evidence and all the evidence negatives the specific intent to kill. The injured party, Harrison Pitts, negatives any idea of malice or ill will, as do also all the witnesses for both state and appellant, in our opinion. There are some isolated circumstances which, unexplained and taken by themselves, might tend to show sudden malice, growing out of play; but, when the testimony is taken as a whole, these isolated circumstances are made to appear insignificant. When the appellant shot, he says he had no intention of shooting Pitts. The distance was great, and the shot barely buried themselves in Pitts' leg. Appellant at once went to him, protested he had no intention of shooting Pitts, assisted Pitts to arise, carried him to his (appellant's) home, and went after a doctor for Pitts. After the doctor arrived, the doctor says he examined Pitts and found several shots in both the lower limbs. They did not go in deep—just went under the skin—and, it was so trivial, it would hurt worse to get them out than to let them remain. Appellant's whole conduct on the occasion, as testified to by the witnesses, negatives that state of mind incident to a case of attempt to murder. As before said, while we are always reluctant to disturb the verdict of a jury on the facts, yet, when the record as a whole seems wanting in proof

tending to show malice or ill will, we deem it our duty to do so.

The judgment is reversed, and the cause remanded.

---

PARROTT et ux. v. PEACOCK MILITARY COLLEGE. (No. 5512.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1915. On Motion for Rehearing, Dec. 1, 1915.)

1. VENUE ⊜═32—OBJECTIONS—PLEA OF PRIVILEGE—WAIVER.

Although the defendant files his plea for privilege, seeking a removal of the cause to another court, but fails to call it up for hearing at the term at which it is filed, he waives his plea, so that refusal to grant it cannot thereafter be alleged as error.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. ⊜═32.]

2. HUSBAND AND WIFE ⊜═21—AGENCY OF WIFE FOR HUSBAND.

A wife may act as her husband's agent, and the fact that she uses her name, instead of her husband's, does not alter his liability.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 139, 141; Dec. Dig. ⊜═ 21.]

3. HUSBAND AND WIFE ⊜═23¾—AGENCY OF WIFE—EVIDENCE.

Evidence held to show a wife to have been the agent of her husband in contracting for the education of their son at plaintiff's college.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 145, 146; Dec. Dig. ⊜═ 23¾.]

4. CONTRACTS ⊜═94 — FRAUD — FAILURE TO READ.

In the absence of a positive showing of fraud in inducing a contract, failure of one of the parties to read the contract does not, of itself, show sufficient fraud to vitiate it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430, 1160, 1164, 1165; Dec. Dig. ⊜═94.]

5. APPEAL AND ERROR ⊜═742—MATTERS REVIEWABLE — PRESERVATION OF EXCEPTIONS.

An assignment of error which is not followed by a statement, as required by the rules of court, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⊜═742.]

On Motion for Rehearing.

6. VENUE ⊜═7—CONTRACTS—PLACE OF PAYMENT.

A contract, expressly agreeing to pay money at a certain place, lays the venue of the action in that place.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. ⊜═7.]

7. HUSBAND AND WIFE ⊜═23—LIABILITY OF HUSBAND—NECESSARIES.

On the question of liability of a husband for the education of his son at a college, contracted for by his wife, it is immaterial whether the education is a necessary.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 142–144; Dec. Dig. ⊜═ 23.]

Appeal from Bexar County Court for Civil Cases; J. H. Clark, Judge.

Action by the Peacock Military College against C. L. Parrott and wife. From a judgment in part for plaintiff, defendants appeal. Affirmed.

---

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellants. C. C. Todd and Leonard Brown, both of San Antonio, for appellee.

FLY, C. J. This is a suit for $375, instituted by Peacock Military College against appellants. The suit is based upon a written contract, signed by Mrs. C. L. Parrott, in which she bound herself to pay the sum of $475 at San Antonio, Tex., for the tuition of her son. On the 18th day of December, 1913, appellant filed a plea of privilege to be sued in Hunt county, which plea was heard by the court on March 17, 1914, and overruled. The suit was filed on July 31, 1911, the plea of privilege being filed two years thereafter. The cause was tried by a jury, special issues having been submitted by the court, and on the answers judgment was rendered in favor of appellee for the sum of $365. From that judgment this appeal has been perfected.

The testimony shows that Mrs. Parrott was the agent of her husband, and authorized to make the contract for the enrollment of their son with appellee. She signed the instrument, binding herself to pay the sum of $475 to appellee at San Antonio, Tex., stating in the contract that her son was enrolled "for the session beginning September 12, 1910, and ending May 12, 1911, for the entire session." The husband testified that he had authorized his wife to take their son to San Antonio and place him in the school for the session. Contemporaneously with the signing of the contract, an oral contract was made by and between Mrs. Parrott and appellee that the tuition should be paid quarterly, and she paid $100 to Prof. Peacock, the owner of the school.

[1] The first three assignments of error attack the ruling of the court, in not sustaining the plea of privilege. The record shows that the plea of privilege was filed on December 18, 1913, during the November term of the county court; that it was not brought to the notice of the court before the end of the term. At the January term appellant sought and obtained a continuance of the case without prejudice to the plea of privilege. The plea of privilege was denied at the March term of the court, 1914. The failure to call the attention of the court to the plea of privilege at the term at which it was filed was a waiver of such plea. In the case of Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224, the court, in discussing the statute as to pleas of privilege, held:

"We think, as indicated above, that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof. When he brings the matter before the court it may be continued, or the court may make such orders as the condition of its docket may render necessary, and there will, of course, be no waiver."

With the same effect is Millinery Company v. Melcher, 142 S. W. 100, where the authorities are collated. There can be no doubt therefore, that the plea of privilege was waived by appellants, and the suit was properly tried in Bexar county. The assignments are overruled.

[2, 3] There is no provision in our laws which incapacitates the wife from acting as agent for her husband, and the law of agency, as between husband and wife, is the same as between any other two persons. If Mrs. Parrott was acting within the scope of her agency in signing the contract for the entire session, the contract bound her husband, and the fact that she may have used her name, instead of the name of her husband, would not alter the fact of his liability. As said by the Supreme Court in the case of Traynham v. Jackson, 15 Tex. 170, 65 Am. Dec. 152:

"Whether the act be done in the name of the principal, or in the name of the agent acting for the principal, would seem, in reason, to be quite immaterial. Let it be done as it may, it is the agent who performs the act. By his agency alone can it be done; and, if that agency appears, it should, in the nature of things, be sufficient to bind the principal."

Whatever may have been the strictness of the common law in regard to the rule that, in order to bind the principal, the contract must, on its face, purport to be that of the principal, the rule has been relaxed in Texas, and the only question that arises is, Did the agent have the power and authority to execute the contract to which his name, and not that of his principal, is signed? We think the evidence in this case clearly indicates that Mrs. Parrott had the power and authority, as agent of her husband, to make a contract to enroll her son as a pupil for the entire session, and, no matter whether the contract was written or verbal, it bound her husband.

[4] The evidence shows that Mrs. Parrott entered into an agreement with appellee to place her son in the school for the entire session, and, although she may not have read the written contract, and may have been told by Prof. Peacock that her signing the contract was a mere matter of form, it would not invalidate that instrument on account of fraud or mistake. The evidence fails to show that any fraud was practiced upon her, or that she made any mistake in regard to the instrument that she was signing. She must have known the terms of the written contract, and was not deceived by any one. The mere failure of a person to read a contract cannot constitute such fraud as to invalidate it. If she did not read the contract, it was her fault, and not that of any one else. The fourth and fifth assignments of error are overruled.

[5] The sixth assignment of error will not be considered, as it is not followed by such a statement as is contemplated by the rules. What the charge, of which complaint is made,

contained does not appear in the brief, there being no copy of it, nor statement of its contents.

The same ruling applies to the seventh assignment of error.

For the reasons given in overruling other assignments, the eighth assignment of error is overruled.

The assignments of error from the ninth to the fifteenth, inclusive, are without merit, and are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[6] It is earnestly contended that there is no evidence that the county court was in session when the plea of privilege was filed, and consequently there was no waiver, but, if that be admitted, still, as held in the former opinion, appellants are bound by the written contract, which expressly makes the money payable in Bexar county.

[7] It is also immaterial as to whether the education of the son would be deemed "necessaries" or not. Appellants contracted to pay the money, in writing, in San Antonio, Tex.

The motion for rehearing is overruled.