This suit was brought by appellant against the St. Louis Southwestern Railway Company of Texas, the Wabash Railroad Company, and the Illinois Central Railway Company to recover damages alleged to have been sustained to a carload of dressed poultry shipped by appellant from Waco, Tex., to Chicago, Ill., by reason of the alleged negligence of defendants to properly ice the car in transit. Each of the defendants filed separate answers, consisting of general demurrer and general denial, and the Wabash Railroad Company, in addition thereto, alleged "that the plaintiff has not the legal capcity to maintain and prosecute this cause of action," and "is not entitled to recover in the capacity in which it sues." The case was dismissed as against the Illinois Central Railway, and there was judgment for the appellant against the other two railroads.
Appellant objected to the pleas in abatement, on the ground that they had been filed two terms before this case was tried, and had not theretofore been passed upon by the court. This was a matter in the sound discretion of the court, and no injury appears to have resulted to appellant by reason of the pleas not having been theretofore passed upon. Trawick v. Martin-Brown Co., 74 Tex. 522, 12 S.W. 216; Tynberg v. Cohen,67 Tex. 220, 2 S.W. 735.
Appellant assigns error upon the admission of the certificate of the Secretary of State as to the forfeiture of appellant's right to do business in Texas. This evidence consisted of certified copy of the records from the office of the Secretary of State, showing that the franchise tax had not been paid, as required by law. There was an entry on the margin of the record showing that the franchise had been forfeited for failure to make such payment. The objection was that this entry upon the margin of the record was not signed by the Secretary of State. We do not think that it is required of the Secretary to sign this marginal entry, and therefore this assignment will not be sustained.
We, however, sustain the contention of appellant that there was no sufficient plea as a basis for such evidence. The pleas, as above set forth, state only the conclusion of the pleader, and allege no facts showing such conclusion to be correct.
Appellant also assigns error upon the refusal of the court to permit the intervention of Alfred Abeel. No exception was taken to this by Abeel, and there is no appeal on his behalf. We do not think the error, if any, is one that can be complained of by appellant.
For the reason that the pleading is insufficient to permit the testimony that appellant had forfeited its right to do business in Texas, this case is reversed and remanded.
Reversed and remanded.
 On Appellees' Motion for Rehearing.
We have concluded that we were in error in reversing this case on account of the defective pleadings of appellees. The objectionable all nations were as follows: *Page 122 
(a) "The plaintiff, the Texas Packing Company, has not now legal capacity to maintain and prosecute this cause of action." (b) "The plaintiff herein is not entitled to recover in the capacity in which it sues."
While these pleas are conclusions from facts necessary to be shown, they are the exact language of the statute, and are the ultimate facts necessary to be proven. They were not excepted to, and, in the absence of exception, we think they are sufficient to present a valid defense, if true. The undisputed evidence showing that the appellant had forfeited its right to do business in Texas, no other judgment could be properly rendered upon another trial than that which was rendered. For the reasons stated, appellees' motion for rehearing is granted, our former judgment herein is set aside, and the judgment of the trial court is affirmed.
Motion granted, and judgment affirmed.
 On Appellant's Motion for Rehearing.
Appellant in its original brief herein cited no authority in support of its assignment that the court erred in sustaining appellee's plea in abatement, and we did not deem it necessary to discuss the same at length. In its motion for a rehearing appellant controverts our statement that sustaining such exception was within the sound discretion of the court. We did not mean that the exercise of such discretion was not subject to review. What we did mean was that, as applied to the facts appearing of record, the court did not abuse its discretion.
Every presumption, not inconsistent with the facts appearing of record, will be presumed in favor of a judgment. Borden v Houston, 2 Tex. 599; Angell v. Street, 21 Tex. 487; Punderson v. Love, 3 Tex. 61; Land v. Miller, 7 Tex. 465; Ward v. Townsend, 2 Tex. 581; 15 R.C.L. pp. 875-877. We quote from the authority last above cited as follows:
"Where nothing appears of record showing the contrary, all actions and orders had and made in a judicial proceeding will be presumed to have been made for good reasons, and based upon proper grounds."
Appellant cites R.S. art. 1910, and rule 24 for the government of district courts (142 S.W. xix), and also the following cases: Aldridge v. Webb, 92 Tex. 122, 46 S.W. 224; Watson v. Mirike, 25 Tex. Civ. App. 527,61 S.W. 538; Parrott v. Peacock, 180 S.W. 132; Smith v. Bank, 187 S.W. 233; Millinery Co. v. Melcher, 142 S.W. 100; Blum v. Strong, 71 Tex. 328; [1]
Lupton v. Willhann, 154 S.W. 261; Edwards v. Youngblood, 162 S.W. 1165; Travelers' Ass'n v. Votaw, 197 S.W. 237.
Article 1910 reads as follows:
"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."
Rule 24 reads as follows:
"All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."
The effect of the decisions cited by appellant is that it is the duty of the party filing a plea in abatement to call the attention of the court to the same during the term to which it is filed, and that a failure to do so will be held a waiver of such plea. This is a salutary rule, and its enforcement by trial courts tends to facilitate the business of such courts, and to avoid expense of litigation. The failure of a trial court to enforce this rule, where it is made to appear that there was no sufficient reason therefor, is reversible error.
There are two exceptions to the enforcement of the rule that a plea in abatement, or other dilatory plea, must be disposed of during the term to which the same is filed. One is where the business of the court will not permit it, and the other is where the plea is passed without prejudice with the consent of the parties. In the cases cited by appellant it affirmatively appears from the record either that the cause had been continued without any action being taken on the plea in abatement; or that the attention of the court had not been called to the plea, and that there was sufficient time at such term to have tried the issue; or that the attention of the court had not been called to the plea at the term to which it was filed, and that for this reason the plea was held to have been waived.
It appears from the record herein that the plea in abatement was not disposed of at the term to which it was filed, and, had the court held that the same was thereby waived, in the absence of a showing of record as to why it was not so disposed of we would sustain the action of the court, upon the presumption that no sufficient reason existed for the failure to so dispose of such plea.
But in the instant case the court sustained the plea, and it is incumbent on appellant to show by the record that neither of the exceptions to the rule referred to existed. This it has not done. The only effort to do so is found in appellant's bill of exception No. 1, wherein it is stated that appellant objected to the evidence offered to sustain the plea in abatement, because the attention of the court was not called to same during the term to which it was filed. The court overruled this objection. Why? For aught that appears in the record, it may have been because this objection was not founded in fact. The court may have known that it was called to its attention, and that action on the same was deferred for good cause.
A bill of exceptions to the admission of testimony should show not only the grounds of such objection, but also the fact which rendered it inadmissible. For instance, a party *Page 123 
may object to testimony upon the ground that the same is hearsay, or with reference to a transaction with a deceased person, or for some other valid reason, if his objection is founded in fact, and yet he may be mistaken as to the fact, for which reason his objection is overruled. The statement in a bill of exceptions that testimony was objected to upon certain grounds does not show the fact that such grounds existed.
To further illustrate, by reference to the bill of exceptions here under consideration: It should have shown as a fact that the plea in abatement was not called to the attention of the court at the term to which it was filed, and that action thereon was not deferred for want of time, and was not postponed with consent of the appellant. In the absence of such showing, it is our duty to presume that the court knew that such facts did not exist.
For the reason that the record does not show that the court abused its discretion in sustaining the plea in abatement, appellant's motion for a rehearing is overruled.
Motion overruled.
[1] 6 S.W. 167.