## TEXAS PACKING CO. v. ST. LOUIS SOUTH-WESTERN RY. CO. OF TEXAS et al.
### (No. 192–3243.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1921.)

**Abatement and revival ⬥86—Pleas in abatement waived by permitting continuances for several terms.**

Under Rev. St. 1911, art. 1910, and rule 24 (142 S. W. xix), the defendants by permitting the cause to be continued to succeeding terms without calling the court's attention to pleas in abatement urging plaintiff's legal incapacity by reason of its having no permit to do business in the state and demanding action thereon waived such pleas.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the Texas Packing Company against the St. Louis Southwestern Railway Company of Texas and others. Judgment of dismissal affirmed by the Court of Civil Appeals (204 S. W. 120), and plaintiff brings error. Judgments of Court of Civil Appeals and district court reversed, and cause remanded to the district court, with directions.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

Scott & Ross, of Waco, for defendants in error.

SPENCER, J. Plaintiff, a foreign corporation, sued the St. Louis Southwestern Railway Company of Texas, the Wabash Railway Company, and the Illinois Central Railway Company, defendants, to recover damages, predicating liability upon the negligence of defendants to ice a car in transit, containing fresh poultry, which they had contracted to transport.

Plaintiff dismissed as to the Illinois Central Railway. The remaining defendants each filed a plea in abatement, urging the legal incapacity of plaintiff to maintain and prosecute the action, on account of not having a permit to do business in Texas.

The defendants' pleas in abatement were filed November 10, 1915, in the Seventy-Fourth district court. There are six bimonthly terms in each year in that court. There is nothing of record to show that any orders were made with reference to these pleas until the case was tried at the October term, 1916, when they were sustained and the cause dismissed upon the ground that the evidence showed that plaintiff's right to do business had been forfeited by the Secretary of State on account of its failure to pay its franchise tax.

On original hearing the Court of Civil Appeals overruled plaintiff's assignment urging that the pleas in abatement had been waived, but sustained an assignment directed to the insufficiency of the plea as a basis for certain evidence objected to by plaintiff, but considered by the court, and reversed and remanded the cause. Upon motion for rehearing by defendants, it set aside the judgment reversing the cause, and affirmed the judgment of the district court. 204 S. W. 120.

The action of the trial court in overruling the objections of plaintiff to the introduction of evidence in support of the pleas in abatement was error. Permitting the cause to be continued to the succeeding terms without calling the attention of the court to the pleas and demanding action thereon was a waiver of such pleas by those urging them.

Article 1910, R. S. 1911, reads:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term in which they are filed, if the business of the court will permit."

Rule 24 (142 S. W. xix) reads:

"All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

The Supreme Court, in construing this statute and the rule quoted, passed upon this identical question in the case of Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224, wherein Judge Denman, speaking for the court, said:

"We think, as indicated above, that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof. When he brings the matter before the court, it may be continued, or the court may make such orders as the condition of its docket may render necessary, and there will, of course, be no waiver."

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and that the cause be remanded to the district court, to be heard upon its merits.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.