### HANSON et al. v. HAYMANN et al. [*]
### (No. 8705.)

(Court of Civil Appeals of Texas. Galveston. Dec. 4, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Abatement and revival ⬥81—Parties ⬥92(1)—Plea in abatement and exception to joining another as defendant were properly stricken when not presented in time (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1909, 1910; rule 24 for district courts).**

In death action against truck owner, where defendant's plea in abatement and exceptions to joining casualty company as party defendant were not filed until after trial granting of motion for new trial and continuance, and were not called to attention of court at term at which they were filed, court properly struck them out as not presented in time, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1909, 1910, and rule 24 for district courts.

2. **Automobiles ⬥245(12).**

Whether negligence of driver of truck racing with another truck caused death of bicycle rider, forced to pass between them, *held* for jury.

3. **Appeal and error ⬥930(3)—On appeal from judgment for plaintiff in action against truck owner for death of bicycle rider, through alleged negligence of defendant's driver, court will be assumed to have found defendant's driver drove truck causing death, where no request was made to submit such issue to jury.**

Where in action against truck owner for death of bicycle rider through alleged negligence of defendant's driver defendant did not request submission of issue as to who drove truck causing death, court on appeal from judgment for plaintiff will assume that lower court found it was driven by defendant's driver; there being some evidence to sustain such finding.

4. **Insurance ⬥591½—Truck owner's insurer could not be joined as defendant in death action against truck owner.**

In death action against truck owner, plaintiffs could not join, as party defendant, casualty company in which defendant was insured against loss occasioned by injury to any person by his trucks; there being no privity of contract between such casualty company and plaintiffs, and bond of indemnity executed by company in favor of defendant not being for plaintiffs' benefit.

### On Motion for Rehearing.

5. **Appeal and error ⬥750(4)—Appellate court cannot pass on sufficiency of evidence, where assignment complained of failure to direct verdict.**

Appellate court cannot pass on sufficiency of evidence, where assignment complained of failure to direct verdict, since such assignment raises only question of whether there was any evidence whatever tending to show existence of facts sought to be established.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Barbara Haymann and others against P. E. Hanson and the Fidelity Union Casualty Company. From a judgment for plaintiffs, defendants appeal. Affirmed as to defendant Hanson, and reversed and rendered as to the Casualty Company.

Williams, Neethe & Williams, of Galveston, and Collins & Houston, of Dallas, for appellants.

James B. & Charles J. Stubbs and F. Spencer Stubbs, all of Galveston, for appellees.

PLEASANTS, C. J. For purposes of this opinion the following is a sufficient state-

ment of the nature and result of the litigation:

The suit was brought by Mrs. Barbara Haymann, the widow, and other named plaintiffs, who were the children, of Joseph Haymann, deceased, to recover damages for the death of said Joseph Haymann, which it is alleged was caused by the negligence of the defendants. As originally brought, the suit was against P. E. Hanson and the Galveston City Transfer Company, but, by amendment of the petition, the suit was discontinued as to the Galveston City Transfer Company, and the Fidelity Union Casualty Company was made a party defendant. The circumstances under which Joseph Haymann met his death are alleged in the petition substantially as follows:

Joseph Haymann, on or about the 30th day of September, 1922, while on his way home riding upon a bicycle, was thrown therefrom by the negligence of the driver of a truck belonging to the defendant P. E. Hanson and caused to fall under the wheels of another truck, by which his head was crushed and he was instantly killed. It is alleged:

"That the truck of defendant Hanson, at the time, was being negligently and carelessly operated, in that it was being run at a dangerous rate of speed in violation of the ordinances of the city of Galveston. That said defendant P. E. Hanson, his servant, employee and agent in charge of and operating said motor vehicle, was negligently, carelessly, recklessly, and in violation of law, racing on Thirty-Fifth street, the driver of said truck looking at the driver of another truck and talking to him whilst he was racing to take the lead over the other and to pass first at the intersection of Church and Thirty-Fifth streets, and the driver of the Hanson truck, driving and occupying part of the street west of or left to the center of said Thirty-Fifth street, the two motor vehicles obstructing almost the entire street, with great danger to and not giving sufficient space for pedestrians and vehicles intending to pass, and so blocked the street that the deceased, Joseph F. Haymann, was forced and compelled, in the emergency and danger that then without his fault confronted him, to go between the two cotton trucks negligently driven, as herein alleged. That he was forced against truck with great violence and knocked down by said defendant Hanson's truck and crushed and run over by said other truck or motor vehicle, and his skull mashed and brains knocked out, thereby causing his death, by said defendant's negligence. * * *

"And plaintiffs aver that said defendant P. E. Hanson, his servant and agent, driving and operating a cotton truck or commercial motor vehicle, at, near, and approaching to the crossing or intersection of Thirty-Fifth street with Church street, in the city of Galveston, negligently and without giving proper clearance to Joseph F. Haymann to clear and pass safely, ran down, crowded, forced, struck, and knocked the deceased, Joseph F. Haymann, whilst riding a bicycle at said intersection, against another cotton truck, at or approaching said intersection, thereby negligently and carelessly causing the said Joseph F. Haymann to be run over, crushed, and killed by said other motor vehicle.

"And plaintiffs further aver that said defendant P. E. Hanson, his servant, and agent saw said Joseph F. Haymann, and that after he saw and realized the peril and danger to the said Joseph F. Haymann he could have avoided the accident and injury, in the exercise of ordinary care by and with the means at his command, as required of him by law, but he negligently and carelessly failed to use all the means at his command as the law required of him, and failed to make any effort to prevent the collision, circumstance, and injury, as above alleged, after he saw the said Joseph F. Haymann and realized the peril and danger in which he was at the time, and which said driver of defendant Hanson's truck could and should have avoided.

"Plaintiffs aver that each and all of said acts of negligence, carelessness, recklessness, and unlawfulness of said defendant, his servant, employee, and agent, as herein alleged, were and are the proximate cause of the death of their husband and father, and by reason thereof they are entitled to recover damages against the defendant herein."

For cause of action against the defendant Fidelity Union Casualty Company the petition alleges:

"And plaintiffs further aver: That the defendant Fidelity Union Casualty Company was and is a duly incorporated automobile insurance company, authorized by law and engaged in the business of selling insurance and agreeing to insure, protect, indemnify, pay, and reimburse to the owners of automobiles, motor trucks, and other motor vehicles, and any person who may be injured by reason of the negligence or carelessness of the persons and corporations and their servants and agents engaged in driving or propelling such automobiles, motor trucks, or other motor vehicles, and that said defendant insurance company, the Fidelity Union Casualty Company, for a consideration or premium that was duly paid to it by said defendant Peter E. Hanson, insured and agreed to insure, protect and indemnify said defendant against any loss, injury or damage that he or his employees, or any person injured by them, might sustain, and to any person injured or damaged by reason of the driving or operation of the automobiles, trucks, or motor vehicles of said defendant P. E. Hanson, and for the insurance, protection,. and indemnity of plaintiffs' said husband and father and themselves by reason of the negligence or want of care of said defendant transferor, P. E. Hanson and his drivers, servants, and agents, as herein alleged, and said insurance company thereby became liable to pay to these plaintiffs the injury and damages sustained by these plaintiffs as herein alleged, and plaintiffs are entitled to recover against the defendants jointly and severally for the loss, injury, and damage sustained by plaintiffs, as hereinbefore alleged. That said insurance is for the benefit of plaintiffs herein, and they hereby demand of defendants P. E. Hanson and the Fidelity Union Casualty Company that the insurance contract and all documents relating to the insurance contract be produced for examination and consideration in evidence upon the trial of this case, and also that all notices and proofs made by the defendant Hanson re-

lating to said collision and accident be produced for use in evidence upon the trial of this cause. That all of said agreements and documents are in the possession of defendant P. E. Hanson and Fidelity Union Casualty Company, and none of them are in the possession of the plaintiffs, although plaintiffs have used reasonable diligence to obtain inspection or copies of said policies and other documents relating to said insurance contracts, but have been unable to obtain them from defendants."

Plaintiffs' amended petition, by which the casualty company was made defendant, was filed November 19, 1923. Prior to this date defendant Hanson had filed his original answer to plaintiffs' original petition. Thereafter, on January 10, 1924, the cause went to trial without any plea in abatement or pleading of any kind, by either of the defendants, questioning the right of plaintiffs to make the Casualty Company a party defendant. This trial resulted in a verdict and judgment in, favor of defendants. A motion for new trial presented by the plaintiffs was granted by the trial court, and on application of defendants the cause was continued. Thereafter the defendants filed pleas in abatement and exceptions to plaintiffs' petition on the ground of misjoinder of parties and causes of action.

On the trial, from which this appeal is prosecuted, the court below sustained a motion by plaintiffs to strike out the pleas and exceptions of the defendants raising the question of misjoinder, on the ground that said pleas and exceptions were not filed and presented in due order nor within the time required by the statute and rules. Defendant Hanson answered to the merits of plaintiffs' suit by general denial and by plea of contributory negligence of the deceased, Joseph Haymann. The defendant casualty company answered by general denial, and adopted as its own the plea of contributory negligence contained in the answer of defendant Hanson.

The case was submitted to a jury in the court below upon special issues, and, upon the verdict returned, judgment was rendered in favor of the plaintiffs for the sum of $12,-000 against the defendant Hanson, and against the defendant casualty company for $5,000 of the amount adjudged against the original defendant. Both defendants have appealed and have filed separate briefs.

We will first dispose of the questions presented by the brief of appellant Hanson. As stated in his brief, the only questions presented are:

"(1) Did the trial court err in striking out the plea of misjoinder filed by defendant Hanson?

"(2) Did the trial court err in refusing to instruct a verdict for said defendant?"

[1] We think both of these questions should be answered in the negative. Article 1909 of our Statutes (Vernon's Sayles' Civil Statutes) provides that:

"Pleas shall be filed in the due order of pleading, and shall be heard and determined in such order under the direction of the court."

Article 1910 provides that:

"Pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Rule 24 for district courts provides that:

"All dilatory pleas, all motions and exceptions relating to a suit pending which do not go to the merits of the case shall be tried at the first term, to which the attention of the court shall be called to same unless passed by agreement of parties with consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

As shown by the foregoing statement, appellants' plea in abatement and exceptions to plaintiffs' joining the casualty company as a party defendant was not filed until after there had been a trial upon the merits, a motion for new trial had been granted, and the case continued on application of defendants. The record also shows, that the plea and exceptions were not called to the attention of the court during the term at which they were filed.

Under the statutes and rules above quoted, it seems clear to us that the trial court did not err in striking out the plea and exceptions because they were not presented in time. It is true that in the first amended answer, filed by Hanson after the filing of plaintiffs' amended petition making the casualty company a party, he properly pleaded misjoinder of parties and causes of action, but before filing, this pleading and after the casualty company had been made a party he went to trial on the merits of the case on his original answer without any exception or objection on his part to the presence of the casualty company as a party defendant. After a verdict in his favor on this trial had been set aside by the trial court, he obtained a continuance of the case, and thereafter filed his plea and exceptions, but failed to call them to the attention of the court during the term at which they were filed. No reason or excuse is shown for his failure to comply with the statutes and rule above cited.

Upon this state of the record, it certainly cannot be held that the trial judge abused his discretion in refusing to consider the plea and exceptions when presented. Blum v. Strong, 6 S. W. 167, 71 Tex. 321; Graham v. McCarty, 7 S. W. 342, 69 Tex. 323; Railway Co. v. Walker (Tex. Civ. App.) 167 S. W. 199; Smith v. Wilson, 20 S. W. 1119, 1 Tex. Civ. App. 115; Aldridge v. Webb, 46 S. W. 224, 92 Tex. 122.

[2] The second question presented by the

brief is whether there was any evidence raising the issue of negligence on the part of defendant which proximately caused the death of Joseph Haymann; the question of the sufficiency of the evidence to sustain the verdict is not raised.

The evidence shows that, at the time he met his death, Joseph Haymann was riding on a bicycle, going south on Thirty-Fifth street in the city of Galveston. He had approached Thirty-Fifth street from the east on Church street, and as he turned south on Thirty-Fifth street he met two cotton trucks going north on Thirty-Fifth street at a speed of about 15 miles an hour. When confronted with these trucks he attempted to pass between them, and was either struck by the truck coming up the west side of Thirty-Fifth street and thrown under the wheels of the other truck, or, in attempting to avoid the truck on the west side of the street he lost control of his bicycle and fell under the other truck and was instantly killed thereby. The jury found that the truck going up the west side of Thirty-Fifth street belonged to the defendant Hanson; that the truck was not being driven in a careful and prudent manner with regard to the place and circumstances, and that such negligent driving of the Hanson truck was the proximate cause of the death of Joseph Haymann. They further found that the truck was being driven on the wrong side of the street, and that this fact, the speed at which it was being driven, and the failure of the driver to give sufficient clearance or space for the deceased to pass in safety or to give any warning of the approach of the truck, each proximately contributed to the death of the deceased. They further found that the driver of the truck after he discovered the peril of the deceased failed to use proper care to prevent his injury.

While the evidence upon all of these issues is by no means satisfactory to us we cannot say that there is no evidence raising these issues, and we are not authorized to reverse the judgment upon the ground presented by appellants' brief. Choate v. Railway Co., 36 S. W. 247, 37 S. W. 319, 90 Tex. 82. The ordinances pleaded by appellees were not introduced in evidence, and the issues of negligence submitted to and passed upon by the jury were not based upon any ordinance.

Appellants' contention that there was no evidence authorizing the court to submit the case to the jury is predicated upon the theory that there was no evidence that the truck of appellant, at the time it is alleged to have negligently caused the death of the deceased, was being driven by a servant of appellant. The evidence upon this issue is, as before stated, not as satisfactory as it should and might have been, and depends largely upon inference.

[3] One of the plaintiffs' witnesses, when being cross-examined by appellants' attorneys on his statement that the truck belonged to Hanson, gave as one of his reasons for identifying the truck that he knew "Hanson's driver." This witness was not asked to give the name of the driver, and the identity of the driver is not shown by any other testimony. The evidence does show, however, that appellant, on the date of the occurrence in which the deceased was killed, was operating a number of trucks in the city of Galveston. He had a record of all of his truck drivers on that day, and, while he introduced the testimony of some of his drivers, each of whom testified that he did not drive the truck which it is alleged caused the death of the deceased, he failed to introduce the testimony of a majority of his drivers and to explain or account for such failure. Under this state of the evidence, we cannot say as a matter of law that the court was not authorized to find that the truck which caused the death of the deceased was being driven by one of appellant's drivers. This issue was not submitted to the jury. Appellant made no request that it be submitted, and there being some evidence to sustain such finding by the court, we must assume in support of the judgment that the court so found.

The appellant casualty company likewise complains of the judgment only on the grounds that the trial court erred in striking out the appellant Hanson's plea in abatement, and erred in refusing to instruct a verdict in its favor. What we have said in considering the brief of appellant Hanson disposes of the first ground for reversal presented by the casualty company.

[4] We agree with this appellant in its second contention that the trial court erred in refusing to instruct a verdict in its favor. The bond executed by the casualty company in favor of the appellant Hanson is purely one of indemnity, by which the company obligates itself to indemnify and save harmless the obligee Hanson—

"against any loss or expense arising from liability imposed by law or claims for damages on account of personal injuries or deaths accidently suffered or alleged to have been suffered by any person or persons, not employed by the assured, by reason of the ownership, maintenance, use and operation of the automobiles described in statement attached."

There is no privity of contract between appellees and the appellant casualty company. The bond was not executed for their benefit, and they have no cause of action thereon against this appellant.

It follows, from the conclusions above expressed, the judgment of the court below against appellant Hanson should be affirmed, and the judgment against the casualty company reversed and judgment here rendered in its favor, and it has been so ordered.

Affirmed in part, and reversed and rendered in part.

### On Motion for Rehearing.

[5] Appellant Hanson has filed quite a lengthy motion for rehearing, in which most of the material evidence upon the question of the identification of the truck and driver alleged to have caused the death of the deceased, and upon the issues of negligence submitted to the jury, is set out and discussed, and it is argued with much force that the evidence is not sufficient to sustain the finding that the truck was driven by one of Hanson's drivers, nor the verdict of the jury upon the issues of negligence submitted to it. As shown in our original opinion, no such question is presented in appellants' brief. The only question presented by the brief, arising upon the evidence, is whether the trial court erred in refusing to instruct the jury to return a verdict in favor of appellant.

The question thus presented only involves the inquiry of whether there is any legal evidence tending to show the existence of the facts sought to be established, or, in other words, raising the issue of the existence of such facts. That this question is different from that presented by the motion, and that we are not authorized, under an assignment complaining of the refusal of the trial court to instruct a verdict for the defendant, to pass upon or consider the question of whether the verdict of the jury is supported by sufficient evidence, or is against the great weight and preponderance of the evidence, is well settled by the decisions of our Supreme Court. Choate v. Railway Co., 44 S. W. 69, 91 Tex. 406.

Upon the question of whether the driver of the truck was, at the time of the accident which caused the death of the deceased, using the truck for a purpose authorized by appellant, the motion quotes the testimony of appellant to the effect that, from his knowledge obtained from his records, none of his 24 drivers on the day in question would likely have been on Thirty-Fifth street with an empty truck, and that if any driver was driving an empty truck of his at the time and place in question such driver was not engaged in the performance of the duties of his employment. This testimony of appellant, standing alone, might be sufficient to destroy the inference arising from his ownership of the truck and the fact that it was being driven by one of his drivers that it was being used in his business or for a purpose authorized by him.

But this is not all of appellant's testimony on this point. He further testified:

"No, sir; the men did not report to the stables or garage before going to their meals or upon returning from their meals. They went from their work to their meals and back to their work; yes, sir. They left the garage in the mornings and came in in the evenings. I had about 24 or 25 trucks at that time. No, sir; I didn't have about 29 trucks at that time.

No; I have no personal knowledge as to where the men were at any time except from the slips. All I can tell you is where they should go. No, sir; I was not in the neighborhood of Thirty-Fifth and Church at that time. I did not say that, Judge, that there was no truck of mine along there at that time. I said there shouldn't have been, in performing the work they were doing. I am testifying to where they should have been according to the record. I mean that I have a method of handling my business that if they should get to Harriss, Irby & Vose's at 11:30 or 20 minutes to 12, or 15 minutes to 12, they would take a load of cotton there and come away with that load of cotton."

We think it clear that appellant's testimony, as a whole, fails to show that his driver was not using the truck for a purpose authorized by him at the time and place of the occurrence in which deceased met his death.

We adhere to the conclusions expressed in our original opinion, and the motion for rehearing is refused.