### BAYLOR v. BAYLOR. (No. 2127.)

Court of Civil Appeals of Texas. El Paso. March 8, 1928.

Rehearing Denied March 29, 1928.

Abatement and revival ⬅️86—Plea in abatement held waived by defendant's failure for four terms to call it to court's attention and invoke action thereon (Rev. St. 1925, art. 2013).

Plea in abatement for pendency of former suit *held* waived, under Rev. St. 1925, art. 2013, by defendant's failure for four terms to call it to attention of court and invoke action thereon.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Divorce suit by Helena Baylor against J. W. Baylor. Judgment for plaintiff, and defendant appeals. Affirmed.

W. P. Camp, of San Antonio, and S. L. Staples and Harris & Harris, all of Austin, for appellant.

Powell & Green, of San Antonio, for appellee.

HIGGINS, J. J. W. Baylor, appellant, filed suit in the district court of La Salle county, Tex., June 10, 1926, against his wife, Helena Baylor, for divorce, custody of their children, and settlement of property rights. Mrs. Baylor was served with citation the following day, and upon September 16, 1926, answered by general demurrer and general denial. On July 7, 1926, Mrs. Baylor filed suit in Bexar county against her husband for divorce, settlement of property rights, and custody of the children. July 16, 1926, appellant,

in due order of pleading, filed in the latter suit a plea in abatement, setting up the pendency of the former action in La Salle county, general demurrer, and general denial.

The action in Bexar county was returnable to the October term. No action was invoked upon the plea in abatement at that term, nor was the same called to the attention of the court. The same is true of the three succeeding terms. The plea was first called to the attention of the court at the following May term on May 2d, upon which date the case had been specially set for trial. Upon that date Mrs. Baylor filed motion to strike out or overrule the plea, setting up, among grounds, that it had been waived by failure to present same seasonably to the court for action. The plea was overruled, and the case was tried upon its merits, and judgment rendered in favor of Mrs. Baylor for divorce, custody of the children, and the property rights adjudicated, from which J. W. Baylor appeals.

All of his assignments of error and propositions are directed against the action of the court in overruling the plea in abatement.

The decisions in this state upon the question of abatement because of the pendency of a former suit are in a state of hopeless confusion and irreconcilable conflict. Aside from the question of waiver, the ruling of the Dallas Court of Civil Appeals in Long v. Long, 269 S. W. 207, is in point, and supports the view that the plea should have been sustained, or the present action held in suspension upon the docket until the suit in La Salle county was disposed of. We express no opinion as to the merit of the plea if action thereon had been seasonably invoked, for under the authorities it is clear the same was waived by appellant failing, for four terms, to call the same to the attention of the court, and invoking action thereon. The findings of the court show that the plea was first called to its attention upon the date the case had been specially set for trial upon its merits; that the business of the court at the four preceding terms was not such as to prevent a hearing of the plea at any of such terms; that orders of continuance without prejudice had not been made, nor had counsel made any agreement with respect to the plea. Under these circumstances the plea was properly held to have been waived. Article 2013, R. S.; Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138; Smith v. Bank (Tex. Civ. App.) 187 S. W. 233.

This view is strengthened by the further findings of the trial court that on March 24, 1927, Mrs. Baylor procured from the court a special setting of the case upon its merits for May 2d, because of out of town parties and witnesses, of which setting appellant's counsel had actual notice and made no objection

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4 S.W.(2d)—14

thereto; that, relying upon such special setting, Mrs. Baylor prepared for trial on the merits, brought a witness from outside of Bexar county to testify, and who did testify. The materiality of these findings upon the issue of waiver is very apparent from Justice Denman's opinion in Aldridge v. Webb, supra.

Appellant cites several cases in which the court was without jurisdiction of the subject-matter and it was held that pleas in abatement for want of such jurisdiction were not waived by failure to promptly present the same. These cases manifestly have no application.

The court did not err in holding the plea to have been waived and in overruling same.

Affirmed.