## REDWINE et al. v. AMERICAN NAT. INS. CO.

### No. 2012.

Court of Civil Appeals of Texas. Waco.

July 7, 1938.

Jas. D. O'Connor, of Dallas, for appellants.

W. B. Handley, of Dallas, for appellee.

GEORGE, Justice.

This is a suit on a life insurance policy by Glena Moody Redwine, beneficiary, joined by her husband, A. C. Redwine, appellants, against American National Insurance Company, appellee. Defendant answered first by way of plea in abatement to the effect that in garnishment proceedings before a police magistrate in East St. Louis, Illinois, wherein plaintiff, Glena Moody Redwine, was defendant and American National Insurance Company was garnishee, judgment was had as against American National Insurance Company for the amount of the policy; that it had paid said judgment and was thereby released from further obligations on the policy. This plea, after hearing thereon, was sustained by the trial court and hence this appeal by plaintiffs.

The controlling assignment of error is whether the plea in abatement, not having been considered and passed on at the term to which it was addressed, was waived by the appellee. It appears from the judgment that the cause was returnable to the trial court on December 8, 1936, which was appearance day, and that the term extended until February 1, 1937; that the plea in abatement was duly presented and came on for hearing on January 18, 1937; that at this hearing evidence was had and decision reserved pending submission of authorities by attorneys; that on January 20, 1937, counsel submitted such authorities and thereafter and before adjournment of the term, the court made known his intention to sustain the plea in abatement; that thereupon plaintiffs' counsel requested further time of the court for the submission of additional authorities, which request the court granted; that such additional authorities were not presented by plaintiffs' counsel before adjournment of the term, but that plaintiffs' counsel after adjournment filed motion to dismiss the plea in abatement; that thereafter, at the February term, the court again considered the plea in abatement and sus-

tained same, dismissed the cause of action as against the defendant with costs as against plaintiffs. The record before us clearly discloses that the delay in acting thereon was brought about by appellants, and for such reason, there was no waiver of appellee's plea in abatement. Appellants are now estopped to assert error, if any, induced by their conduct. Aldridge v. Webb, 92 Tex. 122, 46 S.W. 224; Texas Packing Co. v. St. Louis Southwestern Ry. Co., Tex.Com.App., 227 S.W. 1095; Missouri, K. & T. Ry. Co. v. Eyer, 96 Tex. 72, 70 S.W. 529; Reynolds v. McMan Oil & Gas Company, Tex.Com.App., 11 S.W.2d 778; 3 Tex.Jur. 1031.

The judgment of the trial court is affirmed.