### JOSEPH LANDA ET AL. V. THE MERCANTILE BANKING COMPANY.

#### No. 1280.

1. **Appearance—Jurisdiction—Nonresident.**—In an attachment suit in a Justice Court, the appellee, a nonresident, employed counsel, who asserted its claim to the property attached in the suit. Such appearance made citation unnecessary, and gave jurisdiction. So also, upon an appeal to the District Court, the appearance by appellee, although only to contest the jurisdiction of the court for want of service, was an appearance for all purposes.

2. **Jurisdiction of Justice Court.**—Attachment was sued out in a Justice Court upon an account within its jurisdiction. The levy of the attachment upon personal property of value in excess of its jurisdiction did not avoid the jurisdiction of the court over the case.

APPEAL from Comal. Tried below before Hon. EUGENE ARCHER. The opinion gives a full statement of the case.

*F. J. Maier*, for appellants.—1. After suit is instituted, if a defendant or a third person voluntarily comes into the case, and requests the justice of the peace to make an entry on the docket, to the effect, that he comes into the case and agrees with plaintiff to continue the case, and the case is continued, this constitutes a personal appearance, and gives the court jurisdiction over the person. Rev. Stats., art. 1241; Big. on Estop., 721; Baisley v. Baisley, 113 Mo., 545; Wescott v. Menard, Dall., 503; Hill v. Mendenhall, 21 Wall., 435; Peters v. Railway,

59 Mo., 407; Stattler v. McDonald, 3 Ct. App. C. C., sec. 382; Cain v. Sullivan, 1 Minor, 31; Wagner v. Kellog, 92 Mich., 616; Kelso v. Steiger, 75 Md., 378; Brazzo v. Wallace, 16 Neb., 290; Dreyfus v. Mayer, 69 Miss., 282; Sturtevant v. Brewster, 17 How. Pr. (N. Y.), 571; Markley v. Keeney (Iowa), 54 N. W. Rep., 251; Bohn v. Devlin, 28 Mo., 319; Jack v. Railway, 49 Iowa, 627.

2.  Before presenting a plea to the jurisdiction over the person of a nonresident, to file a motion to quash a citation, to file a motion to quash the attachment process, or to raise objections to attachment affidavits and bonds, gives the court jurisdiction over the person of the nonresident.  Rev. Stats., arts. 1242, 1243; Grizzard v. Brown, 2 Texas Civ. App., 584; Sam v. Hochstadler, 76 Texas, 162; Railway v. Whitley, 77 Texas, 129; Railway v. Morris, 68 Texas, 49; Caruthers v. Johnson, 17 S. W. Rep., 1088; Fiebelman v. Edmonds, 68 Texas, 334; York v. The State, 73 Texas, 651; Ins. Co. v. Hanna, 81 Texas, 487; Cunningham v. The State, 11 S. W. Rep., 871; Rabb v. Rogers, 76 Texas, 336; Railway v. Caldwell, 11 Colo., 545; Sheldon v. San Antonio, 25 Texas Supp., 178; Perry v. Rhodes, 20 Texas, 729.

*J. D. Guinn*, for appellee.—1.  The statute very plainly states that no one can accept service of a suit before same is brought.  And it is not pretended that a citation was ever issued in this case, nor that appellee made any agreement in this regard after plaintiff filed its petition and procured the issue of attachment against it to make appellee a party defendant, or procured the issuance of the attachment against it.  Rev. Stats., art. 1347a.

2.  The statute further plainly states, that no attachment shall issue until suit has been duly instituted.  Rev. Stats., art. 154.  And in Revised Statutes, article 1569, and in 2 Willson, section 555, it is further provided, that suit is not instituted until citation is issued.  Therefore no judgment could have been rendered either in the Justice or District Court in this cause.  Rev. Stats., arts. 154, 1241, 1245, 1569; 2 Ct. App. C. C., sec. 555; 1 Id., sec. 457.

3.  It was not an appearance as contemplated by the statute in article 1241, nor any other legal appearance for appellee.  Randall v. Collins, 58 Texas, 232.

COLLARD, ASSOCIATE JUSTICE.—This suit originated in the court of the justice of the peace in precinct number 1 of Comal County.  It is a suit for $107.59, brought by Joseph and Harry Landa, composing the firm of Joseph Landa, against W. S. Harris, a resident of Paul's Valley, Indian Territory.  The amount sued for grew out of some wheat shipments by Harris to the Landas, the latter having paid $107.59 more than the quantity of wheat was sold for.  Harris shipped a car load of oats to the same parties, and, as in former transactions, sent the bill of lading and a draft on the Landas for $258.32 to the Mercantile and Banking Company of Paul's Valley, who in turn sent

the draft to a local bank for collection. The Landas, claiming a credit for the $107.59, tendered the balance due and demanded the oats. The local bank refused, and returned the draft and bill of lading to the bank at Paul's Valley. Plaintiffs then brought this suit and attached the oats. The affidavit for attachment was based upon the grounds that the debt was due, that defendant was a nonresident and had property and effects in Comal County, to wit, the car load of oats described. The bond was given and the writ issued in form, and was levied on the oats as the property of Harris. Harris was duly cited by actual notice under Revised Statutes, articles 1230–1234.

The Mercantile and Banking Company, being informed of the levy, requested and authorized J. D. Guinn, a local attorney at law of New Braunfels, to claim the oats for them as their property, by oath and claim bond. Guinn informed plaintiffs of his employment, and, the District Court being in session, it was agreed by him and plaintiffs that the case in the Justice Court should be continued to the next term. While the Justice Court was in session, the Mercantile and Banking Company appeared in the case, as shown by the following entry on the justice's docket: "And now comes the Mercantile and Banking Company of Paul's Valley, Indian Territory, and comes into court as claimant and owner of the property attached herein;" after which is the following entry: "This cause is continued to the next term of this court by the agreement of the Mercantile and Banking Company and Joseph Landa, with the understanding that the said banking company does not appear for the said W. S. Harris." These entries are of date October 30, 1893. On the 26th of December, 1893, court convened again, and the docket shows the cause of action of plaintiff against Harris to be as stated, for shortage on shipment of wheat, for which the Landas had paid, as per bills of lading and drafts, the bills of lading falsely stating the amount of wheat shipped at a greater quantity than it was in fact, and "that since the filing of this suit it has been ascertained that the Mercantile and Banking Company of Paul's Valley, Indian Territory, has acted together and in conjunction with the said W. S. Harris in defrauding plaintiffs, as alleged, and is an essential party to this suit; that the said Mercantile and Banking Company claims to be the owner and shipper of the car load of oats attached; that both W. S. Harris, and the Mercantile and Banking Company claim and own an interest in said car load of oats, the precise portion of each can not be ascertained; that the wheat shipped to Joseph Landa was owned and shipped in precisely the same way and by the same parties as the oats;" and that the parties have the same relations to the former shipments as to the shipment of the oats; that they conspired to defraud plaintiffs by falsely overestimating the quantity of wheat shipped; that they were both liable to plaintiffs on their demand for the $107.59; that these facts were unknown to plaintiffs at the time the original suit was brought; that the Mercantile and Banking Company was a necessary party to the suit. They prayed that the

company be made a party, that attachment issue and be levied upon the interest of the company in the oats, to be applied to the payment of plaintiffs' debt, for judgment against it for the debt and costs, as well as against Harris.   Affidavit and bond were made in form for attachment of the property to be levied on all the interest of the Mercantile and Banking Company, before the justice, on the 14th of December, 1893.   Attachment was issued the same day and levied on the interest of the company in the oats.   The return of the officer making the levy was afterwards, on the 23rd day of December, 1893, amended, showing that the officer did not know whether the oats were the property of the company or not.   It was also amended in some other unimportant particulars.

The cause being submitted to the justice, he of his own motion dismissed as to the Mercantile and Banking Company, and, after hearing the evidence, rendered judgment in favor of plaintiffs against Harris for their debt, and ordered the proceeds of the oats levied on (the oats having been sold) applied to the payment of the judgment.   Plaintiffs appealed to the District Court as to all the defendants.   Personal notice of the result of the suit and the appeal was served upon the Mercantile and Banking Company in the Indian Territory.

The Mercantile and Banking Company filed a plea to the jurisdiction of the District Court, upon the following grounds:

"1.   Because the record shows this defendant was not duly cited in the court below to answer plaintiffs' demand, nor was citation ever served upon it.

"2.   The record shows that the property attached was over the value of $200, and the question of its ownership taken from further consideration of this court.

"It further appears from the record in this suit that this court has no jurisdiction of the person of this defendant, in that it was not made a party defendant below, and in that the record shows that there is no such appeal bond as is by law intended to give the court jurisdiction of the subject matter, because there is no proper appeal bond on file herein."

Defendant further moved to quash the citation and return thereon, because they do not show any legal service on defendant.   Defendant also moved to quash the attachment, issued December 14, 1893, because of the insufficiency of the affidavit and of the bond, and because there was no proper levy.

The District Court, on May 24, 1894, before calling the case for trial, heard the plea of the Mercantile and Banking Company to the jurisdiction of the court and sustained the same, upon the ground that it had never been cited and had not waived the same, and thereupon dismissed the appeal as to the company, plaintiffs excepting and giving notice of appeal to this court.   On the same day the court, after hearing the evidence, rendered judgment by default for plaintiff against Harris for $107.59 and costs, foreclosing attachment lien on the oats

levied upon. No notice of appeal was given from the judgment against Harris, and the appeal was perfected as to the Mercantile and Banking Company only. The oats had been converted into money—$256.32, their value—and by agreement of parties the money was to be treated as the oats in all the proceedings.

*Opinion.*—We think the court below erred, as contended by appellants, in sustaining the Mercantile and Banking Company's plea to the jurisdiction. This company or firm had voluntarily appeared in the suit while pending in the Justice Court, as claimant of the property, and had been instrumental in having the cause continued. It is true, the appearance was as claimant and owner of the property. But the question is not whether it came into the case under the forms required by the statute by affidavit and claimant's bond, which would have required docketing of a case of different style and number, but did the company come into the case at all? We think unquestionably it did, and that no citation was necessary to give the court jurisdiction. We also think that this defendant appeared in the District Court, and that consequently no service of citation was required to make it a party defendant. Plaintiff's suit against it was then pending and the property was attached in that branch of the suit on plaintiffs' claim against the company. Having appeared in the case though for the specific purpose of challenging the jurisdiction of the court, it was an appearance for all purposes. York v. The State, 73 Texas, 652; Sam v. Hochstadler Bros., 76 Texas, 164; Pace v. Potter, 85 Texas, 475; Fairbanks v. Blum, 2 Texas Civ. App., 480; Ins. Co. v. Hanna, 81 Texas, 491. We think, without reference to the effect of the attachment proceedings and levy, as against this defendant, the court had acquired jurisdiction of the defendant by its appearance, both in the Justice Court and in the District Court. We think the fact that the value of the property levied on was more that $200 would not in this suit affect the jurisdiction of the Justice Court. The amount sued for was within the court's jurisdiction.

The judgment of the lower court is reversed, and the cause remanded for trial.

*Reversed and remanded.*

Delivered May 22, 1895.