## Pleasant J. Potter College v. George A. Collett & Bro.

(Decided February 16, 1911.)

### Appeal from Warren Circuit Court.

1. Contracts—Building Warrant—Balance Due—Failure of Architect to Give Warrant—Evidence.—Where, under a building contract it was stipulated that 85 per cent. of the contract price was to be paid during the construction of the building, the failure of the architect to give the contractors a warrant for the balance will not defeat them in their attempt to collect it, where the claim is supported by sufficient evidence.

2. Written Contract—Limitation.—Where the contract was in writing, a payment on it made in 1894 prevented the statutes of limitation from defeating the claim, the action having been brought within the fifteen year period.

SIMS & RHODES for appellant.

WRIGHT & McELROY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In 1889 appellant, Pleasant J. Potter College, was organized in Bowling Green, Ky., and incorporated. It elected a president, treasurer and board of directors, and had a building erected for school purposes. Appellees were awarded the contract for furnishing the brick and erecting the building at the price of $8.50 per thousand brick, same to be measured as specified in the contract, after the building was completed. Eighty-five per cent of the contract price was to be paid during the construction of the building. The brick placed in the building at the contract price amounted to $7,591.47, and appellees were paid, at one time $1,500.00; at another $2,-500.00 and at another $2,000.00, during the progress of the work on the building. Afterwards, in 1894, $381.85 was paid on the claim, and in 1897 certificates for five shares of stock in the corporation at $25.00 per share, were issued to appellees and credited on the contract price, thus leaving $1,084.61 still due for which this action was instituted. The trial in the lower court resulted in favor of appellees for the amount sued for. Appellant denied owing the claim and pleaded the statute of limitations and laches.

It was agreed that all the payments made to appellees were to be made upon warrants of the architect, E.

S. McDonald, of Louisville, Ky. We suppose the main purpose of this was to prevent appellees from collecting over 85 per cent. of the contract price before the building was completed. The architect did issue warrants for the three amounts that were paid during the construction of the building, but did not issue any for the $381.85, nor has he ever issued any for the payment of the balance of the contract price, and he is now dead. J. E. Potter, the treasurer of appellant and who made all the payments to appellees, testified that he made the payments as credited and says that they are all that have ever been made. He also testified that McDonald, representing appellant, and John L. Stout, representing appellees, made a calculation of the brick in the building as specified in the contract, and that there were only a few dollars difference in their figures; that the number of brick in the building, if paid for at the contract price, would amount to $7,591.47; that the amount sued for was the balance due appellees and would have been paid long ago if he had had any funds of the corporation in his hands. He stated that he had requested appellees to wait on him and promised frequently before the suit was brought to pay it. Appellee, George A. Collett, testified to the claim as alleged, and stated that he had deferred this action by reason of the frequent promises of Mr. Potter to pay and by his request for time. He stated that the $381.85 credit was paid under the following circumstances; he owed Silas Taylor, a colored man, for some brick used to complete the building, $381.85 and gave him an order upon J. A. Potter, the treasurer, for that amount, and Potter gave Taylor a check for it and he entered the credit of that date. He also credited it with $125.00 in 1897, when the certificates of stock were issued to him. Appellant claims that this balance due appellees must have been paid soon after the college was completed; that the corporation borrowed $4,000.00 in cash at that time and executed a mortgage, for the purpose of paying all claims against the property. There is no testimony, however, to the effect that appellees' claim was paid, but we are asked to assume that it was, as the president and several directors of the college and members of the building committee have since died, and, as it claims, it is unable to make proof of payment. Several members of the building committee and of the corporation are still alive, but they do not attempt to make

proof of payment  Appellant further contends that the fact that appellees have no warrant from the architect for the payment of this balance, is strong evidence of their having no claim against the college. This is a slight circumstance in its favor, but the fact that his whole claim was $7,591.47 and that warrants were issued for only three payments which amounted to only $6,000.00, is uncontradicted. It cannot be contended that because appellees received no warrants from the architect for more than $6.000.00 of his claim, he must lose the balance. If a warrant from the architect was an absolute prerequisite to payment and if he had been paid when the mortgage for $4,000.00 was issued, as claimed, appellant should have the warrant which the architect issued for the balance of the claim, which it appears it has not, as it is not presented. We do not concede that a warrant was absolutely necessary to enable appellees to recover the balance due them. The purpose of the warrants was to enable appellant to protect itself; to enable it to know when it had paid as much as 85 per cent. of the contract price during the construction of the building. But after the completion and acceptance of the building by the appellant, appellees were entitled to the balance due them, and the failure of the architect to give them a warrant for it will not defeat them in their attempt to collect it. Appellees' claim is proved and ought not to be defeated on mere suspicion, as it attempted to be done.

The claim due appellees was upon a written contract and we are of the opinion that the payment of the $381.85 in 1894 prevented the statutes of limitations from defeating the claim, as the statute began to run from that date.

For these reasons, the judgment of the lower court is affirmed.