LUPTON v. WILLMANN et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 19, 1913.)

1. VENUE (§ 32*)—PRIVILEGE—WAIVER.
Defendant waived a plea of privilege to be sued in the county of his residence by failing to call the plea to the trial court's attention during the term at which it was filed, by agreeing to a continuance, and by attempting to set up a cause of action against other parties, and hav-

ing them brought into the suit long after the plea was acted upon by the trial court.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF PRESENTATION.
Assignments of error not followed by statements will not be considered; reference to bills of exceptions being insufficient.
[Ed. 'Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 558*)—STATEMENT OF FACTS—PARTIES BOUND.
Parties brought into the suit by appellant, but who did not sign the statement of facts, are not bound by it.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2561, 2565; Dec. Dig. § 558.*]

4. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—PLEADING.
Appellant cannot complain of the trial court's failure to act on pleas in abatement at the first term of the court if he was not injured thereby.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

5. VENUE (§ 32*)—PRIVILEGE—WAIVER.
Where, in an action by a buyer of corn to recover from the seller on account of its damaged condition, the seller waived any right to be sued in another county, it was immaterial where he lived or whether the contract was in writing, as affecting the right to bring the suit in the county where it was brought.
[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY—REVIEW ·OF INSTRUCTIONS.
Assignments of error to the refusal of instructions are not reviewable, where they are not set out in the assignments, nor in the statement thereunder.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from Guadalupe County Court, J. M. Woods, Judge.

Action by R. J. Willmann against R. Lupton, to which the Atchison, Topeka & Santa Fé Railway Company and others were made parties. Judgment for plaintiff, and defendant appeals. Affirmed.

G. O. Brown, of San Antonio, for appellant. P. E. Campbell, of Seguin, Scott & Dodson, of San Antonio, and Emil Mosheim, of Seguin, for appellee.

FLY, C. J. This is a suit by R. J. Willmann against appellant to recover $648.10, alleged to have been paid for corn which was afterwards discovered to be heated and spoiled. ·Appellant pleaded his privilege to be sued in Bexar county, and answered by general and special demurrers and general denial, and specially answered that he bought the corn from J. E. Ervine & Co., of Ft. Worth, Tarrant county, Tex., who represented to him that the corn was in good condition, and prayed that, if he was found liable, he have judgment over against said firm for any sum that might be adjudged against

him, and he also impleaded three railroad companies, the Atchison, Topeka & Santa Fé Railway Company, the Gulf, Colorado & Santa Fé Railway Company, and the Galveston, Harrisburg & San Antonio Railway Company, over whose lines the corn was shipped from Kansas City, Mo., to Seguin, Tex., and asked for judgment over against them. Exceptions were filed to the pleadings of appellant by Ervine & Co., and the railroad companies, and they were dismissed from the suit. The plea of privilege of appellant was overruled, and upon a trial by jury verdict and judgment were rendered against appellant in favor of Willmann for $648.10, with interest at 6 per cent. per annum from March 21, 1910.

[1] Appellant waived his plea of privilege by failing to call it to the attention of the court during the term at which it was filed, and agreeing to a continuance of the cause. Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224. Appellant also waived his privilege to be sued in the county of his residence by attempting to set up a cause of action against other parties, and having them brought into the suit long before the plea of privilege was acted on by the court. Douglas v. Baker, 79 Tex. 499, 15 S. W. 801; Kolp v. Shrader, 131 S. W. 860.

[2-4] The second, third, and fourth assignments of error are not followed by statements, and are overruled. Reference to bills of exception is not a compliance with the rules. Griffin v. State, 147 S. W. 328. The statement that Ervine & Co. and the railroad companies agreed that more than two terms had been held before the exceptions were passed upon is not borne out by the agreement referred to in the statement of facts. Neither of the parties brought into the suit by appellant signed the statement of facts, and, of course, they are not bound by anything in the statement of facts. Blow v. De La Garza, 42 Tex. 232; Hudson v. Morriss, 55 Tex. 595. There is no contention that the exceptions to the answer impleading the parties were not well taken, and the failure to act on the pleas in abatement at the first term of the court does not appear to have injured appellant, and therefore such failure should not be considered. Lottman v. Houston Waterworks Co., 38 S. W. 358; German Ins. Co. v. Luckett, 12 Tex. Civ. App. 139, 134 S. W. 173; Woosley v. McMahan, 46 Tex. 65.

The sixth assignment of error is not followed by a statement, and will not be considered. The statement referred to under the first assignment of error has no reference whatever to the matter complained of in the sixth assignment.

The evidence offered by appellant, the rejection of which is assailed in the seventh and eighth assignments of error, had no bearing whatever upon his liability to appellee for sending decayed corn, and its re-

jection could not have injured appellant. Appellee, Willmann, did not complain of the grade or weight of the corn, but of its condition when it reached him. The rejected certificate had no reference to the quality of corn, as it merely stated that an inspector in Missouri had inspected a car and found it to contain "3 white corn."

[5] The eighteenth assignment is overruled. It appeared from the evidence that appellant instructed appellee Willmann to send the car load of corn to the former at San Antonio; and he did so, and a charge presenting that issue is not open to attack on the ground that the agreement "was an independent contract to take the car of corn off the hands of appellee and not being in writing could not be sued upon at Guadalupe county, as the appellee (appellant?) lived in Bexar county, Tex." It did not make any difference where appellant lived, nor whether the contract was in writing or not, as he had waived any right to be sued in Bexar county. The evidence, the rejection of which is complained of in the nineteenth assignment of error, was utterly immaterial, and the assignment is overruled.

[6] Neither the twelfth nor fourteenth assignment of error disclosed the contents of the charge whose rejection is complained of, and neither of the charges is set out in the statement under either assignment. They are not in condition to be considered, but, as one of the propositions seems to assail the sufficiency of the evidence to sustain the verdict, we will say the evidence is ample. Appellant ordered the corn returned to him, and, of course, ought to return the money paid him by Willmann.

The judgment is affirmed.