### LEWIS et al. v. DENISON. (No. 6498.)

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1922. Rehearing Denied Jan. 31, 1923.)

Justices of the peace ⚖➞44(7)—Jurisdiction not divested by seizure under ancillary process of property exceeding jurisdictional limit.

Where a justice court had jurisdiction of a suit to recover $182.70, the fact that an ancillary writ of attachment was levied upon an automobile, which was worth over $200, did not divest the jurisdiction of the justice court, in view of Rev. St. art. 2291, conferring original jurisdiction on justice courts where the amount in controversy is $200 or less, article 267, creating a lien from the date of levy of attachment, article 268, providing for the foreclosure of the lien as in other cases, and article 2000, authorizing sale upon foreclosure of liens as under execution.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Suit by George Lewis and others against F. A. Denison for an injunction. From a judgment dissolving a temporary injunction and dismissing the cause, plaintiffs appeal. Affirmed.

Jas. E. Yeager, of Waco, for appellants. Johnston & Hughes, of Waco, for appellee.

BRADY, J. The appeal is from a judgment dissolving a temporary injunction and dismissing the cause. Appellee originally sued appellant, George Lewis, in the justice court, upon a sworn account, to recover the sum of $182.70. On the same day, a writ of attachment was issued and levied upon an automobile, which was replevied by the defendant in that suit, with appellants, Bill Lummus and L. P. Hannah, as sureties on the replevy bond. Judgment was rendered in the justice court for the plaintiff against the defendant and his sureties, and for foreclosure of the attachment lien. The case was appealed to the county court, and a similar judgment was rendered there. An order of sale was issued, but the return of the sheriff having shown that the automobile could not be found, an execution and also an alias execution were issued, and the latter was levied on certain real estate belonging to appellant L. P. Hannah. This suit was then brought by Lewis and his sureties on the bond, setting forth the above facts, and also that Denison was threatening to issue and levy other executions; and the court granted a temporary injunction to restrain the sale and the issuance and levies of other executions. Upon final hearing, the court heard evidence and then dissolved the injunction and dismissed the cause.

The findings of fact of the trial court recite the antecedent proceedings substantially as above stated, and the court expressly found that the value of the automobile was more than $200, but concluded, as a matter of law, that the debt sued for, and not the value of the automobile, was the amount in controversy, and determined the jurisdiction.

The sole question on appeal is presented by appellants' only assignment of error, which, in substance, complains of the court's conclusions of law, and insists that an attachment lien is not a statutory lien, and that when the value of the property attached exceeds the amount of the debt, and is of a value greater than $200, the justice court is without jurisdiction to try the case, and a judgment foreclosing the attachment lien is void. The following statutes and decisions are cited in support of the proposition: R. S. arts. 267, 268; Ball v. Beaty (Tex. Civ. App.) 223 S. W. 552; Railway Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815; Reeves v. Farris (Tex. Civ. App.) 186 S. W. 772; Brown v. March (Tex. Civ. App.) 149 S. W. 353; Barnett v. Rayburn (Tex. Civ. App.) 16 S. W. 537; Landa v. Mercantile & Bank, 10 Tex. Civ. App. 582, 31 S. W. 55.

The statutory provisions cited will be noticed later. We have examined all the cases relied upon, and, with the exception of Landa v. Bank, which we think is against appellant, none is deemed to be in point.

In Ball v. Beaty, supra, a full review is made of the authorities in Texas, where the suits were to foreclose contract liens or liens existing by virtue of statutes. In these classes of cases it seems definitely settled that the value of the property, where greater

---

⚖➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(247 S.W.)

than the debt, controls as to jurisdiction, except where the statutes authorize only so much property to be seized as will suffice to discharge the debt. However, no case is cited which holds that such is the rule, where merely an ancillary attachment has been issued and levied upon the property.

Article 2291, Revised Statutes, confers original jurisdiction upon justice courts where the amount in controversy is $200 and less, exclusive of interest, of which exclusive original jurisdiction is not given to the district or county courts. The same article confers express power to enforce liens on personal property where the amount in controversy is within the jurisdiction.

Article 267 creates a lien from the date of the levy of an attachment, and article 268 provides that the attachment' lien ·shall be foreclosed as in case of other liens, and directs a sale of personal property or real estate, and the application of the proceeds to the satisfaction of the judgment.

Article 2000, Revised Statutes, also provides that in judgments for the foreclosure of mortgages and other liens, a foreclosure of the lien shall be decreed, and the property ordered sold as under execution.

In the case of Hillebrand v. McMahan, 59 Tex. 450, the Supreme Court said:

"An attachment is but an initiatory execution issued before judgment, and in anticipation of it."

In Baker v. Pitluk, 109 Tex. 237, 205 S. W. 982, the same court said:

"The power to foreclose an attachment lien on land or personalty is embraced in the power to render a personal judgment."

In that case a judgment was sued out in the justice court and levied on land, and after judgment an order of sale issued, and the land was sold thereunder. The court held that the justice court had authority to decree a foreclosure of an attachment lien on real estate, where the amount sued for was within its jurisdiction.

The case of Wallace v. Bogel, 66 Tex. 574, 2 S. W. 96, is there cited, which holds that an attachment is an ancillary process intended to seize property and retain a lien upon it so as to subject it to any personal judgment that might be rendered. In that case it was expressly held that, upon the question of the right to enforce the lien by a sale of the property, nothing more than the right of the plaintiff to recover the debt is in issue; hence this is all that the judgment need determine. "To determine that in his favor, is to decide that he has a right to sell the attached property to satisfy his judgment."

We think the reasoning of these cases clearly leads to the conclusion that if the justice court has jurisdiction of the debt sued for, its jurisdiction is not divested nor affected by the fact that the property seized under ancillary process exceeds the value of $200. It follows, as a corollary from that proposition, that the appellate jurisdiction of the county court would not be defeated.

In addition, it may be said that this court has expressly held, in Landa v. Bank, 10 Tex. Civ. App. 582, 31 S. W. 55, that when the amount sued for is within the jurisdiction of the justice court, the fact that the value of the property attached exceeds it is ·immaterial.

Being of the opinion that the trial court correctly decided the case, the judgment is affirmed.

Affirmed.