## MECKEL v. STATE BANK OF BARKSDALE.
### (No. 7051.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1923.)

Judgment ⬅️143(5)—Default judgment entered before date of term as specified in citation, by reason of law changing term, set aside.

Where a citation served on plaintiff about January 20, 1923, summoned him to appear at a term of the district court to be held on March 26th, and neither plaintiff nor his attorney knew that a law going into effect on January 30th changed the time of meeting of the district court from March 26th to February 5th, and plaintiff was otherwise lulled into inaction by a suit already pending in another county on the same cause of action as to which he filed an answer, *held*, that plaintiff's default judgment against defendant, taken on February 7th, could not stand.

Error from District Court, Edwards County; Joseph Jones, Judge.

Action by the State Bank of Barksdale against Ben F. Meckel. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wardlaw & Elliott, of Sonora, and Strickland & Seagler, of San Antonio, for plaintiff in error.

Old & Smith, of Uvalde, for appellee.

FLY, C. J. Defendant in error sued plaintiff in error on three promissory notes, two of them for $1,560 each, and the third for $1,378, all of which were due and unpaid, and citation was duly issued and served on plaintiff in error, which summoned him to appear at a term of the district court of Edwards county, to be held in Rock Springs on the fourth Monday of March, 1923, being the 26th day of said month. A few days before the service of process the Legislature met and enacted a law, which was approved by the Governor on January 30, 1923, and by

its terms went immediately into effect, whereby the time of meeting of the district court in Edwards county was changed from March to the "fifth Monday after the first Monday in January of each year." This change caused the term for 1923 to begin on February 5th, instead of March 26th. The law making the change became effective on Saturday, January 30, 1923, and on February 7th judgment by default was taken against plaintiff in error, it being the third day of the court. Plaintiff in error was served with citation to appear on March 26, 1923, about 10 days before the act changing the time of convening the court from March to February went into effect. No notice was given plaintiff in error to appear at the February term, except in so far as is provided by the law itself. Plaintiff in error was a resident of Sutton county.

We do not think that the act changing the term of the district court in Edwards county was a special or local law, and in view of the fact that for many years such acts have been treated by the Supreme Court as general laws we refrain from a discussion of the matter. Not only does the plaintiff in error live in Sutton county, but he had been sued in Real county, in 1922, on the same claim, and had answered therein, and neither Real nor Sutton county is in the Sixty-Third district, of which Edwards county is a component part. Sutton county is in the Eighty-Third judicial district of Texas. It would be farcical, if it were not a judicial travesty, to deprive a citizen of his right to be heard in court upon an imaginary notice that was given him by the terms of the act of January 30, 1923. Indeed and in truth, neither he nor his attorneys knew of any such change in the time of convening the court in Edwards county, and being lulled into inaction by a suit already pending in Real county, and by the fact that plaintiff in error had been cited to appear on March 26, 1923, he should not be deprived of his property by a judgment taken aganst him on February 7, 1923, nearly two months before the day on which he had been notified to appear. The record fails to show the reasons for suing a citizen of Sutton county, first in Real county, and then in Edwards county; but such suits have been used as a means to the end of obtaining a judgment by default against a defendant and thereby depriving him of the right to be heard in any county of Texas. If a multiplicity of suits can ever be justified, in no case should they be tolerated to the confusion and undoing of an unoffending citizen, and while the two suits, in different counties, may have been instituted with no ulterior purpose, still we conclude that they have been conducive to the injury of plaintiff in error, and with other circumstances create equities in favor of plaintiff in error which should not be disregarded. Defendant in error knew that it had sued plaintiff in error in Real county, knew that plaintiff in error had filed an answer, setting up a defense to the cause of action pleaded by it, knew that cause of action was the same one sued on in Edwards county, knew that plaintiff in error would, in the very nature of things, know nothing about a change in the law made by a Legislature that had been in session only a few days, and would be deceived by a citation served on him just before the new law went into effect, and, knowing these things, still took the judgment by default, and deprived plaintiff in error of his day in court. We will not permit the judgment to stand.

The judgment is reversed, and the cause remanded.