### DUVAL COUNTY RANCH CO. v. DROUGHT et al. (No. 7110.)

(Court of Civil Appeals of Texas. San Antonio. March 12, 1924. Rehearing Denied April 9, 1924.)

1. **Judgment** &#9090;106(2)—**Default judgments permitted after appearance day.**

Under Rev. St. arts. 1934–1936, the second day of each term of the district or county courts is the appearance day, and judgments by default are permitted at any time afterwards against any defendant who has been cited and has not filed answer.

2. **Courts** &#9090;80(1)—**Venue** &#9090;32(2)—**Failure to call plea of privilege to court's attention waiver thereof.**

No custom or rule of any trial court can repeal Rev. St. art. 1935, or render nugatory its requirement for a call of the docket on appearance day, or as soon thereafter as may be practicable, and failure to call the docket during the term cannot excuse failure of litigant to call his plea of privilege to the court's attention and his permitting it to pass without notice for several terms; such conduct being a waiver of any attack on venue whether by special exception or plea of privilege.

3. **Venue** &#9090;32(2)—**Allowing case to be continued waiver of special exception to venue.**

Where attention of the court was not called to special exception to petition because it showed venue in another county, where defendant resided, but defendant permitted the case to be continued from time to time, and at one time itself continued it, there was complete waiver of the exception.

4. **Pleading** &#9090;111—**Statutory rule as to effect of plea of privilege in absence of controverting affidavit held not applicable.**

Where the question of personal privilege was attempted to be raised by special exception instead of through the plea prescribed by stat-

utes, the rule prescribed by Vernon's Ann. Civ. St. Supp. 1918, art. 1903, that a plea of privilege shall be prima facie evidence of right to change of venue, unless a controverting affidavit is filed, had no application.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by H. P. Drought and another against the Duval County Ranch Company and others. Judgment for plaintiffs, and defendant named appeals. Affirmed.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellant.

W. W. King, of San Antonio, for appellees.

FLY, C. J. The appellees, H. P. Drought and A. H. Worden, sued W. K. Rose, J. E. Pickering, H. G. Nelms, and Duval County Ranch Company on six certain promissory notes executed to Francis Smith by said Rose, Nelms, and Pickering, and it was alleged that on August 18, 1919, A. H. Worden, independent executor of the estate of Francis Smith, deceased, assigned and transferred said notes to the Duval County Ranch Company, reserving an interest in each of the notes of $704, by written indorsement upon each note as follows:

"Pay to the order of Duval County Ranch Company of Houston, Tex., without recourse or guarantee of any kind, but upon the condition that when these notes are collected $704, with interest from maturity until paid, at the rate of 8 per cent. per annum, will be paid by said Duval County Ranch Company to the estate of Francis Smith. A. H. Worden, Independent Executor of the Estate of Francis Smith."

There was an allegation that the interest in the notes was afterwards transferred by the executor to H. P. Drought & Co., and the latter transferred ·said interest to appellees. In a second amended original petition it was alleged that the ranch company had canceled a certain lease and the said notes to Rose, Pickering, and Nelms, which was done without the knowledge or consent of appellees. The original petition was filed on July 12, 1922, and on September 18, 1922, appellant filed an answer in which it was sought to quash the citation, a special exception to the petition on the ground that the petition showed that the venue was in Harris county, where appellant resides, a general demurrer and general denial. This answer was not called to the attention of the court at the time it was filed, at least no action was had on it. On December 5, 1923, an amended answer was filed, in which the special exception as to venue was reiterated. No plea of privilege was ever filed; the change of venue being sought alone through the medium of special exceptions. The pleading was not verified by affidavit, and no controverting affidavit was required, because article 1903,

as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), contemplates a sworn plea and provides for a controverting affidavit.

In the order overruling the exception as to venue the court found that the exception was not called to the attention of the court until it was considered on December 5, 1923. In a bill of exceptions reserved by appellees it is stated that four or five terms passed and no action was taken in regard to the exception as to venue, and that three terms after appearance day the cause was continued at the suggestion of appellant, without any suggestion being made that the continuance was taken without prejudice to the exception. The court appended the following qualification to the bill of exceptions:

"That it has been the practice in this court, not to call the appearance docket, on account of its great length, on appearance day, but to consider all matters which should have been called to the attention of the court on that day, as having been called to said court's attention, and that the said matters are actually considered when the business of the court permits."

[1, 2] The law names the second day of each term of the district or county court the appearance day, and permits a judgment by default, at any time after appearance day, against any defendant who has been cited and has not filed an answer. Articles 1934–1936. Article 1935 evidently contemplates a call of the docket on appearance day or as soon thereafter as may be practicable, and no custom or rule of any trial court can repeal or render nugatory that plain requirement of the statute, and the failure to call the appearance docket during a term would not excuse a failure of a litigant to call his plea of privilege to the attention of the court and permit it to pass without notice for several terms. Nueces County v. Gussett (Tex. Civ. App.) 213 S. W. 725. Such conduct would be a plain and unequivocal waiver of any attack on the venue, whether made through special exception or plea of privilege. Such exception or plea must be called to the attention of the court and disposed of at the appearance term, unless it appears that its consideration has been prevented by other business. Creswell v. Waldstein (Tex. Civ. App.) 28 S. W. 260; Waco Ice Co. v. Wiggins (Tex. Civ. App.) 32 S. W. 58; Chatham Machinery Co. v. Smith (Tex. Civ. App.) 44 S. W. 592; Harris v. Melcher (Tex. Civ. App.) 142 S. W. 100; Lupton v. Willmann (Tex. Civ. App.) 154 S. W. 261; Parrott v. Peacock (Tex. Civ. App.) 180 S. W. 132; Hill v. Alexander (Tex. Civ. App.) 195 S. W. 957; Cruz v. Texas Paint Co. (Tex. Civ. App.) 199 S. W. 819; Auds Oil Co. v. Brooks (Tex. Civ. App.) 221 S. W. 319; Texas Packing Co. v. Railway (Tex. Com. App.) 227 S. W. 1095.

[3] Not only did appellant fail to call the

attention of the court to the plea, but al-.owed the case to be continued from time to time, and at one time itself continued the cause. There was a complete waiver of the exception, no matter what the rules of the court may have been as to calling the appearance docket. In the case of Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224, the Supreme Court held exactly in accordance with the ruling herein, as do numerous decisions. The exception should have been overruled because it had been waived by the conduct of appellant.

When appellant agreed to pay a certain portion of the sums collected to the estate of Francis Smith, and indorsed that agreement on the back of the notes, it became liable for that much out of the sums payable on the notes according to the face, tenor, and effect of such notes. It cannot be presumed that the executor would agree to allow appellant to collect the money on the notes and change the venue to a distant county if the money was not paid to him by appellant. When appellant agreed to pay a certain portion of the notes to the executor it agreed to pay it in Bexar county, as provided in the note. It became liable on the notes according to their terms.

[4] Appellant cites Craig v. Pittman (Tex. Com. App.) 250 S. W. 667; Schumacher v. Dolive, 112 Tex. 564, 250 S. W. 673; and Henry v. Henry (Tex. Com. App.) 251 S. W. 1038, as sustaining its claim that the plea of privilege had not been waived by failure to call it to the attention of the court and by a continuance of the cause. Each of those cases were decided under a construction of the amended law as to pleas of privilege of 1917, article 1903, Vernon's Civ. Stats. Supp. 1918, which provides that a plea of privilege prepared as therein specified, "in writing and sworn to, * * * shall be prima facie proof of the defendant's right to change of venue" as entitling the defendant to a change of venue, unless a controverting affidavit under oath is filed by the plaintiff. Those decisions have no applicability to a case in which the question of venue is not raised by a sworn plea of privilege. The practice prescribed in that article has reference only to pleas of privilege prepared as therein directed, and, if the question of privilege can be properly raised without such plea, of course the rules prescribed as to a controverting affidavit could have no reference to such cases. If appellant can present the right to be sued in another county through the medium of an exception to a petition on the ground that it shows by its allegations that appellant resides in a county different from that in which suit is instituted, we see no reason for holding appellees to the terms of a statute ignored by appellant. If a question of personal privilege can be raised by special exception instead of through the plea prescribed by statute, the plaintiffs were not bound to follow the statute in controverting a plea not in existence. The statutory method is the better, if not the only, method of pleading privilege to be sued in a certain county.

For the reasons given, the plea of privilege was properly overruled, and the judgment will be affirmed.