**HARTMAN v. BYRD.**
No. 4140.

Court of Civil Appeals of Texas. Texarkana.
Feb. 4, 1932.

Rehearing Denied Feb. 18, 1932.

Zweifel & Tuohy and James B. Watson, all of Fort Worth, for plaintiff in error.

Margaret Clark, of Longview, Charles R. Crum, of Dallas, and McDonald & Grant, of Longview, for defendant in error.

LEVY, J. (after stating the case as above).

■■ The plaintiff in error presents the points in view that (1) the cause, being filed on February 7th, was returnable to the regular statutory term of the court in June, 1931, and neither he nor his attorneys had notice of the calling of the special term of court, and (2) his application shows good cause for vacating the dismissal order and reinstatement of the cause. The motions of April 25th and April 27th must fail of force and effect as motions for vacation of the dismissal order and reinstatement of the cause, because, being filed after the adjournment of the special term at which the dismissal order was made in the cause, they came too late for the trial court to legally act upon them. Article 2232 R. S.; Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Green v. Green (Tex. Com. App.) 288 S. W. 406. Therefore the dismissal order made in the cause, being not vacated and not subject to be vacated merely upon motion of the parties, may be considered a final judgment for purposes of appeal. Green v. Green (Tex. Com. App.) 288 S. W. 406.

■ The statute expressly provides that the citation shall summon the defendant "to appear and answer the plaintiff's petition at the next regular term of the court." Article 2022, R. S. A citation so issued and served, and where the defendant has not appeared and answered the petition of plaintiff, no default could be legally taken against defendant, and the cause would not be subject to trial as against the defendant, at a term of court other than the existing "next regular term of the court." Neill v. Brown, 11 Tex. 17; Meckel v. Bank (Tex. Civ. App.) 256 S. W. 668. But the present suit may not be considered as standing merely in that special situation. The defendant here duly filed his an-

swer to the plaintiff's petition, and as a legal consequence entered his appearance in the cause, on the appearance day of the regular February term of the court 1931. Although not compelled to appear and make answer at that term, yet in making the answer and such general appearance, as here done, the defendant submitted himself to the jurisdiction of the court at the February term. A general appearance of the defendant gives jurisdiction to the court as to the whole case. Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; Landa v. Banking Co., 10 Tex. Civ. App. 582, 31 S. W. 55; Ins. Co. v. Hanna, 81 Tex. 491, 17 S. W. 35, and other cases. The defendant having the right, if he elected to do so, to file answer as done, plaintiff would have to take notice, and would not be released from taking notice that the defendant, on appearance day of the February term, had made general appearance in the cause. Perkins v. Wood, 63 Tex. 396. The law names the second day of each term as appearance day, and requires the court to call the docket on that day. Articles 2152, 2153, R. S.; Ranch Co. v. Drought (Tex. Civ. App.) 260 S. W. 298. In the circumstances then the suit stood on the docket, in view of the answer on appearance day, at the February term of the court as a pending suit subject to trial on the merits at such term and notice thereof would be legally imputed to the plaintiff. The statute expressly empowers the district judge to call special terms of court whenever he deems it advisable to do so. Article 1920, R. S.; Acts 1927, p. 228, c. 156, § 6 (Vernon's Ann. Civ. St. art. 200a, § 6). The statute does not require notice to be given of the calling of the special term, and therefore notice of the order is not necessary to be given. Mayhew v. State, 69 Tex. Cr. R. 187, 155 S. W. 191; 15 C. J. 252, p. 892. And the court at such term has the same jurisdiction and authority as it has at a regular term, with the limitation that no new suit shall be brought at such special term. 11 Tex. Jur. § 75, p. 810; 15 C. J. § 254, p. 893. The case was triable at the special term. See Browder v. School District, 107 Tex. 535, 180 S. W. 1077. The case being a subject-matter of trial at the special term, article 2162, R. S., would be applicable, which prescribes that "every suit shall be tried when it is called," etc. Accordingly the first point above presented would have to be overruled for the reason that it was no error of law in dismissing the cause for want of prosecution at the special term in view of the special circumstances.

As respects the second point, the appellate court has not authority to determine in the first instance whether or not in point of fact "good cause" for reinstatement of the case existed. Whether or not the alleged grounds constitute "good cause" in point of fact must be determined in the first instance by the trial court. This court is not authorized to pass upon facts in the first instance, except where the jurisdiction of this court is involved. Rule 71a expressly provides that a motion for new trial shall be filed in all cases appealed or where writ of error is sued out in order to have reviewed on appeal questions of fact. The alleged grounds seemingly appear meritorious, but this motion was filed too late for the trial court to consider same.

The judgment is accordingly affirmed without prejudice to a new suit or legally authorized proceedings.